## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

COIN CENTER *et al.*,

                Plaintiffs,

           v.

YELLEN *et al*.,

                Defendants.

Case No.
3:22-cv-20375-TKW-ZCB

## <u>ANSWER</u>

Defendants Department of the Treasury; Office of Foreign Assets Control; Janet Yellen, in her official capacity as Secretary of the Treasury; and Andrea M. Gacki, in her official capacity as Director of the Office of Foreign Assets Control, hereby answer Plaintiffs' Amended Complaint (the "Amended Complaint"), ECF No. 21.

The introductory paragraph consists of Plaintiffs' characterization of this action, to which no response is required.

1.    The allegations in this paragraph consist of Plaintiffs' characterization of this action and Plaintiffs' legal argument and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph and admit only that OFAC added Tornado Cash to the Specially Designated Nationals and Blocked

Persons ("SDN") List on August 8, 2022, and that OFAC redesignated Tornado Cash and updated the SDN List entry on November 8, 2022, and at the same time withdrew the August 8, 2022 designation.  Defendants respectfully refer the court to the designations themselves for a complete and accurate reflection of their contents.  See Cyber-related Designation (Aug. 8, 2022) https://home.treasury.gov/policy-issues/financial-sanctions/recent-actions/20220808; Burma-related Designations; North Korea Designations; Cyber-related Designation; Cyber-related Designation Removal; Publication of Cyber-related Frequently Asked Questions (Nov. 8, 2022); see also 87 Fed. Reg. 49,652 (Aug. 11, 2022); 87 Fed. Reg. 68,578 (Nov. 15, 2022). Defendants deny that the challenged designation constituted "criminaliz[ation]" and deny that characterization of Defendants' action as it is used throughout the Amended Complaint.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  As to the second sentence, Defendants admit only that users of the Ethereum blockchain can send and receive certain digital assets without the involvement of a traditional financial institution.  Defendants otherwise deny the second sentence.  Defendants admit the third sentence, and lack knowledge or information sufficient to admit or deny the fourth sentence.

3.      Defendants admit the first and second sentences of this paragraph.  As to the

third sentence, Defendants admit only that transactions on the Ethereum

blockchain cannot be erased from the public ledger, but otherwise lack

knowledge and information sufficient to admit or deny the third sentence,

because the phrase "hidden from view" is vague and undefined. As to the

fourth sentence, Defendants admit only that users may transact on the

Ethereum blockchain using digital currency addresses that need not be

associated with particular individual's identifying information, and that, in

some circumstances, transactions conducted on the Ethereum blockchain

platform may be linked to the individual or entity that executed such

transactions.  Defendants otherwise lack knowledge or information sufficient

to admit or deny the fourth sentence, because the phrases "connect a person's

identity to his address on the public ledger" and "all his transactions and

assets" are vague and undefined.

4.      As to the allegations in this paragraph, Defendants admit only that, in some

circumstances, transactions conducted on the Ethereum blockchain platform

may be linked to the individual or entity that executed such transactions.

Defendants otherwise lack knowledge or information sufficient to admit or

deny, because the phrases "proactive steps," "allows strangers to track his

private associations and stalk his intimate relations," "invites," "unpopular

causes," "a lot of assets," and "target on his back" are vague and undefined.

5.     As to the first sentence of this paragraph, Defendants lack knowledge or information sufficient to admit or deny, because the phrases "protect themselves" and "employ privacy tools" are vague and undefined.

6.     The first sentence of this paragraph reflects Plaintiffs' opinion as to what is "state-of-the-art," which is vague and undefined, and uses the term "Tornado Cash Tool," which is also vague and undefined, so Defendants lack knowledge or information sufficient to admit or deny those aspects of the sentence.  To the extent that Plaintiffs' use of the phrase "Tornado Cash Tool" throughout the Amended Complaint is intended to reflect Plaintiffs' legal conclusion that certain aspects of Defendants' designation were unlawful, that phrase constitutes a legal conclusion to which no response is required, but to the extent one is deemed required, Defendants deny the allegation.  Defendants incorporate this denial, to the extent necessary, throughout this Answer, as applied to each use of the term "Tornado Cash Tool" throughout the Amended Complaint, and hereafter treat each reference to "Tornado Cash Tool" as a reference to "Tornado Cash" throughout, unless otherwise specified.  As to the remainder of the first sentence, Defendants admit only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties, and otherwise deny.

As to the second sentence, Defendants admit only that Tornado Cash relies upon its smart contract software, which is stored on the Ethereum blockchain at Ethereum addresses, and otherwise deny. The third and fourth sentences are admitted. Defendants deny the fifth sentence.

7.     As to the first sentence of this paragraph, Defendants admit only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties, and otherwise deny. The second and third sentences are denied.

8.     The first and second sentences of this paragraph are denied. As for the third sentence, Defendants admit only that Tornado Cash relies upon its software, in the form of smart contracts available at particular Ethereum addresses, but otherwise deny. The fourth and fifth sentences are denied.

9.     As to the first sentence of this paragraph, Defendants admit only that certain cryptocurrencies, including Bitcoin, rely on public confirmation of their transactions, which cannot be canceled, withdrawn, altered, or rescinded, but otherwise lack knowledge or information sufficient to admit or deny what cryptocurrencies are "like Bitcoin," what those cryptocurrencies "are known, in part, for," or whether transactions with such currencies are "irreversible," as these phrases are vague and undefined. As for the second sentence, Defendants admit that certain cryptocurrency transactions are colloquially

referred to as "immutable," but deny that this characterization is universally accurate, and otherwise deny.  As to the third sentence, Defendants admit only that Ethereum allows individuals to publish software to its ledger, and that such software can be published in a form that disallows further editing, but otherwise deny.  As to the fourth sentence, Defendants admit only that that when certain software on the Ethereum blockchain receives instructions to run, such code generally runs, and otherwise deny.  The fifth sentence is denied.

10.   With respect to the first sentence, Defendants admit only that Tornado Cash's smart contracts provide the same functionality to all users, but otherwise deny the sentence.  As to the second sentence, Defendants admit only that certain Tornado Cash smart contracts are designed to disallow future edits to their code, but otherwise deny.  As to the third sentence, Defendants admit only that the Tornado Cash Decentralized Autonomous Organization ("DAO") is responsible for voting on and implementing new features created by Tornado Cash developers, but otherwise deny.

11.   The allegations in this paragraph consist of Plaintiffs' characterization of the International Emergency Economic Powers Act of 1977 ("IEEPA"). Defendants respectfully refer the Court to the statute and deny any allegations that are inconsistent with it.  Defendants lack knowledge or

information sufficient to admit or deny whether IEEPA is the "statutory descendant" of the Trading with the Enemy Act of 1917, because that phrase is vague and undefined.

12.    The allegations in this paragraph consist of Plaintiffs' characterization of IEEPA, which is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that the cited statute contains the quoted language, but otherwise respectfully refer the Court to the statute and deny any allegations that are inconsistent with it.

13.    The allegations in this paragraph consist of Plaintiffs' characterization of IEEPA, which is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that the cited statute contains the quoted language, but otherwise respectfully refer the Court to the statute and deny any allegations that are inconsistent with it.

14.    The allegations in this paragraph consist of Plaintiffs' characterization of the North Korea Sanctions and Policy Enhancement Act, which is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that the cited statute contains the quoted language, but otherwise respectfully refer the Court to the statute and deny any allegations that are inconsistent with it.

15.    This paragraph contains Plaintiffs' characterization of OFAC regulations,

which is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the regulations, but otherwise respectfully refer the Court to the regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

16.  The allegations in the first sentence of this paragraph are denied.  The second sentence is Plaintiffs' characterization of this action (because it relies upon Plaintiffs' own definition of "Tornado Cash Tool," which appears to refer to the list of addresses in the Appendix to the Amended Complaint), to which no response is required.  To the extent a response is deemed required, Defendants admit only that 20 of the 38 addresses listed in the August 8 designation appear in the Appendix to the Amended Complaint, as "Challenged in this Lawsuit," but otherwise deny.

17.  As to the first sentence of this paragraph, Defendants admit only that OFAC withdrew the August 8, 2022 designation and simultaneously redesignated Tornado Cash on November 8, 2022, which occurred after this lawsuit was originally filed, but otherwise deny the allegations.  With respect to the second and third sentences, Defendants admit only that the November 8 designation included a list of 90 Ethereum addresses, 29 of which are listed as "Challenged in this Lawsuit" in the Appendix to the Amended Complaint,

but otherwise deny.

18.    The allegations in this paragraph consist of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendants admit only that 29 addresses are listed as "Challenged in this Lawsuit" in the Appendix to the Amended Complaint, but otherwise deny the allegations.

19.    This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respond as follows:  With respect to the first sentence of this paragraph, Defendants admit only that on November 8, 2022, OFAC delisted and simultaneously redesignated Tornado Cash under Executive Orders 13722 and 13694, as amended, and that the redesignation took into account additional information and included an additional basis for the designation of Tornado Cash regarding its support for Democratic People's Republic of Korea (DPRK) activities.  Defendants otherwise deny the allegations in this paragraph, to the extent a response is deemed required.

20.    The first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  The remainder of this paragraph contains Plaintiffs' characterization of FAQ No. 1095, to which no

response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language is found in the FAQ, but otherwise deny the remaining allegations, and respectfully refer the Court to the FAQ for a complete and accurate statement of its contents.

21.   This paragraph contains Plaintiffs' characterization of FAQ No. 1095 and the designation of Tornado Cash, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations, and respectfully refer the Court to the FAQ and designation for a complete and accurate statement of its contents.

22   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

23.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

24.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

25.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed

required, Defendants admit only that the cited statutes contain the quoted language, but otherwise respectfully refer the Court to the statutes for a complete and accurate statement of their contents, and deny the remaining allegations.

26. This paragraph consists of Plaintiffs' legal argument and legal conclusions, and their characterization of Defendants' designation and this suit, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the cited regulations contain the quoted language, but otherwise respectfully refer the Court to the regulations and the designation for a complete and accurate statement of their contents, and deny the remaining allegations.

27. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

28. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

29. Defendants lack knowledge or information sufficient to admit or deny the first clause of this paragraph.  The second clause consists of Plaintiffs' legal argument and legal conclusions, to which no response is required, but to the

extent a response is deemed required, Defendants respectfully refer the Court to the designation itself for a complete and accurate reflection of its contents, and deny the allegations to the extent they are inconsistent with the designation.

30. This paragraph consists of Plaintiffs' characterization of this action, as well as their legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of this paragraph, but deny Plaintiffs' characterization of Defendants' action as "the Biden Administration's criminalization of the Tornado Cash Tool."  The second

sentence consists of Plaintiffs' legal argument and legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations.  The third sentence consists of Plaintiffs' characterization of this action and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in the third sentence.  The fourth sentence constitutes Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this sentence.

36.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of this paragraph.  The second sentence is vague, because it does not define the phrase "come under the control," but it appears to consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in the second sentence.

37.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

38.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

39.  Defendants lack knowledge or information sufficient to form a belief as to

the truth of these allegations.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence is vague, because it does not define the term "control," but it appears to consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in the second sentence.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. The third sentence is vague, because it does not define the phrase "under the control," but it appears to consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in the third sentence.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

45.     Defendants lack knowledge or information sufficient to form a belief as to

the truth of these allegations.

46.   Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

47.   Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

48.   The first sentence of this paragraph constitutes Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the sentence, because it contains vague and undefined terms such as "[c]rypto donations to Ukraine" and "substantial positive impact." As to the remainder of this paragraph, Defendants admit that the cited hearing testimony contains the quoted language, but otherwise respectfully refer the Court to the hearing testimony for a complete and accurate statement of its contents.  *See* "Toomey: Ukraine is Actively Utilizing Crypto to Save Lives" (Mar. 17, 2022), https://www.banking.senate.gov/newsroom/minority/toomey-ukraine-is-actively-utilizing-crypto-to-save-lives

49.   Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

50.   Defendants lack knowledge or information sufficient to form a belief as to

the truth of these allegations.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second and third sentences are vague, because they do not define the phrase "under the control," but they appear to consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in those sentences.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, but deny Plaintiffs' characterization of the challenged action as "the Biden Administration's criminalization of the Tornado Cash Tool."

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, but deny Plaintiffs' characterization of the challenged action as "the Biden

Administration's criminalization of the Tornado Cash Tool."  As to the second sentence, Defendants admit that Ethereum users generally have no ability to reject incoming transfers of cryptocurrency, but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the second sentence.  As to the third sentence, it consists of legal argument and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit only that Tornado Cash is a sanctioned entity, and that, in general, when a U.S. person receives assets from a person named on the SDN List, such assets must be blocked and reported to OFAC, and otherwise deny. The fourth sentence constitutes Plaintiffs' opinion, as well as legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that, in general, when a U.S. person receives assets from a person named on the SDN List, such assets must be blocked and reported to OFAC, and otherwise deny the allegations.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.  The second sentence is vague, because it does not define the term "control," but it appears to consist

of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in the second sentence.

59.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence is vague, because it does not define the phrase "come under the control," but it appears to consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent one is required, Defendants deny the allegations in the second sentence.

60.  This paragraph consists of Plaintiffs' characterization of this action and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that Tornado Cash is a sanctioned entity, and that, in general, when a U.S. person receives assets from a person named on the SDN List, such assets must be blocked and reported to OFAC, and otherwise deny the allegations.

61.  The first sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the listed Defendants hold the stated positions, but otherwise deny the allegations.  The second, third, and fourth sentences consist of legal conclusions to which no response is required.  To the extent a response is

deemed required, admitted.

62.   This paragraph consists of a legal conclusion and Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is deemed required, deny.

63.   This paragraph consists of Plaintiffs' characterization of this action and legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs' Amended Complaint invokes the Constitution and the Administrative Procedure Act ("APA").

64.   This paragraph consists of Plaintiffs' characterization of this action and legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs' Amended Complaint invokes 28 U.S.C. § 1331, but deny that this Court has jurisdiction.

65.   This paragraph consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegation because they lack sufficient information regarding Plaintiff O'Sullivan's residence.

66.   As to the allegations in this paragraph, Defendants admit only that Ethereum

is a blockchain platform that includes a public ledger of linked data blocks and cryptographic elements, that users of the Ethereum blockchain platform can transfer digital assets between digital currency addresses, and that such addresses need not be associated with particular individuals' identifying information.  Defendants otherwise lack knowledge or information sufficient to admit or deny, because the paragraph contains phrases that are vague and undefined, such as "digital marketplace," "order their finances," and "hosts transactions."

67.   As to the first sentence of this paragraph, Defendants admit only that Ethereum users may transact using the Ethereum blockchain platform across long distances, but otherwise deny the allegations.  The second and third sentences constitute Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second and third sentences, because they contain vague and undefined phrases such as "protect against inflation," "store of value," "structure advanced financial transactions," and "enforce the terms of their agreements with certainty." Defendants deny the allegations in the fourth sentence.

68.   With respect to the first sentence of this paragraph, Defendants admit only that the quoted language appears in the cited article, and respectfully refer the

Court to the article for a complete and accurate statement of its contents. Defendants lack sufficient information to admit or deny the second sentence. As to the third sentence, Defendants admit only that the Ethereum blockchain platform, among other things, facilitates transactions involving Ether, and lack knowledge or information sufficient to admit or deny the remainder of the sentence, because the term "most common" is vague and undefined. Defendants deny the fourth sentence. Defendants lack sufficient information to admit or deny the fifth sentence because the phrase "wide range" is vague and undefined, but admit only that Ethereum supports transactions in crypto assets other than Ether.

69. As to the first sentence in this paragraph, Defendants admit only that users of Ethereum obtain addresses that correspond to accounts, but deny that all such accounts are used by only one person. As to the second sentence, Defendants admit only that digital currency addresses need not be associated with particular individuals' identifying information, but otherwise lack knowledge or information sufficient to admit or deny the second sentence, because the term "can't be immediately traced to the person who uses it" is vague and undefined.

70. Defendants admit that Ethereum transactions appear on a public ledger, but otherwise lack knowledge and information sufficient to admit or deny the

first sentence, because the phrase "functionality depends" is vague and undefined. As to the second sentence, Defendants deny that Ethereum transactions are "visible to anyone," but otherwise admit. As to the third sentence, Defendants admit only that transactions on the Ethereum blockchain cannot be erased from the public ledger, but otherwise lack knowledge and information sufficient to admit or deny the third sentence, because the phrase "hidden from view" is vague and undefined.

71.   Defendants admit only that certain Ethereum transactions involve pseudonymous addresses, and that, in certain instances such addresses may be connected to their users, but otherwise deny.  The second sentence is a legal conclusion to which no response is required, but to the extent one is deemed required, Defendants are without sufficient knowledge or information to admit or deny the second sentence, because the allegation does not identify the legal requirements to which the sentence refers.  As to the third sentence, Defendants deny that "all of [a] user's transactions and assets" can be inspected once their identity is connected to a digital currency address, but otherwise lack knowledge or information sufficient to admit or deny the allegations because the term "outsiders" and the phrase "address that he uses" are vague and undefined.

72.   As to the first sentence of this paragraph, Defendants admit only that an

Ethereum user's transactions are generally visible on the Ethereum blockchain, but otherwise lack knowledge or information sufficient to admit or deny the allegations in the sentence because the terms "privacy tools" and "risks" are vague and undefined. The second sentence contains Plaintiffs' characterization of the cited article, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited article and deny that Plaintiffs' characterization is a complete and accurate statement of its contents. As to the third sentence, Defendants lack knowledge or information sufficient to admit or deny the allegations because the phrases "unwanted snooping" and "private relationships and intimate transactions" are vague and undefined.

73. This paragraph constitutes Plaintiffs' opinion, to which no response is required. To the extent a response is deemed required, Defendants admit only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties, and otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph, because it contains vague and undefined terms such as "where the Tornado Cash Tool comes in," "protect themselves from being followed in everything they do," "clear any discernable connection between their past transactions and their future transactions," and "new, apparently unconnected address."

74.  As to the allegations in this paragraph, Defendants admit only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties, and otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph, because Defendants lack knowledge as what certain persons "will know," "will see," or "will [] move," and because it contains vague and undefined terms such as "anyone attempting to track the user," "outsider," "Time 1," "Time 2," "Known User Address," "control," and "unrelated."

75.  The first sentence of this paragraph defines the scope of the Amended Complaint's use of the phrase "Tornado Cash Tool," and thus reflects Plaintiffs' characterization of this action, so no response is required.  To the extent a response is deemed required, Defendants admit that 29 addresses are listed in the Appendix to the Amended Complaint as "Challenged in this Lawsuit", but otherwise lack knowledge sufficient to admit or deny the first sentence of this paragraph, because the phrase "core of the Tornado Cash Tool" is vague and undefined.  As to the second sentence, Defendants admit only that the 29 addresses referenced as "Challenged in this Lawsuit" in the Appendix to the Amended Complaint correspond to fixed amounts of certain crypto assets, but otherwise lack knowledge or information regarding what "each user" will do sufficient to admit or deny the allegations in the second

sentence in this paragraph.  As to the third sentence, Defendants deny that all transactions with the 29 addresses referenced in the first sentence are always indistinguishable, but otherwise lack knowledge or information sufficient to admit or deny the third sentence because the phrase "each interaction with any given address" is vague and undefined.

76. The allegations in this paragraph are denied.

77. Defendants admit only that Tornado Cash smart contracts do not lend or invest assets, and in that sense that they are "not like a bank," but otherwise deny the allegations in the first sentence.  The second sentence of this paragraph reflects Plaintiffs' subjective opinion in the form of an analogy, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in the second sentence.

78. Denied.

79. The first sentence of this paragraph is denied.  As to the second sentence, Defendants admit only that when Tornado Cash smart contract code receives instructions to run, such code generally runs, and otherwise deny.  As to the third, fourth, and fifth sentences, Defendants admit only that code related to certain Tornado Cash smart contracts are designed to disallow future edits to their code, and otherwise deny the allegations in these sentences

80. This paragraph constitutes Plaintiffs' opinion, to which no response is

required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations.

81. This paragraph constitutes Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, because it contains phrases that are vague and undefined, such as "private and secure," "widely regarded," "good practice," and "participate in Ethereum responsibly."

82. This paragraph constitutes Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants admit, with respect to the second sentence, only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties.  Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph, because it contains numerous phrases that are vague and undefined.

83. This paragraph constitutes Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, because it contains numerous phrases that are vague and undefined, such as "for some time," "widely believed," "lead the way,"

"other crypto assets," and "many American governors."  Defendants

respectfully refer the Court to the cited articles for a complete and accurate

statement of their contents, and deny any aspects of Plaintiffs allegations that

incorrectly characterize the articles cited.

84.   This paragraph constitutes Plaintiffs' opinion, to which no response is

required.  To the extent a response is deemed required, Defendants lack

knowledge or information sufficient to admit or deny the allegations because

it contains phrases that are vague and undefined, such as "America's leading

role has been thrown into reverse," "punish crypto users," and "hyper-

regulate."  Defendants respectfully refer the Court to the cited articles for a

complete and accurate statement of their contents, and deny any aspects of

Plaintiffs allegations that incorrectly characterize the articles cited.

85.   This paragraph constitutes Plaintiffs' opinion, to which no response is

required.  To the extent a response is deemed required, Defendants deny the

allegations in this paragraph.

86.   This paragraph contains Plaintiffs' characterization of IEEPA, to which no

response is required.  To the extent a response is deemed required,

Defendants admit that the quoted language appears in the statute, but

otherwise respectfully refer the Court to the statute and deny that Plaintiffs'

characterization is a complete and accurate statement of its contents.

87.    This paragraph contains Plaintiffs' characterization of IEEPA, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

88.    This paragraph contains Plaintiffs' characterization of IEEPA, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

89.    This paragraph contains Plaintiffs' characterization of IEEPA, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

90.    This paragraph contains Plaintiffs' characterization of the North Korea Sanctions and Policy Enhancement Act, to which no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete

and accurate statement of its contents.

91.    This paragraph consists of Plaintiffs' characterization of the cited Executive

orders, to which no response is required.  To the extent a response is deemed

required, Defendants admit only that the quoted language appears in the cited

Executive orders, but otherwise respectfully refer the Court to the Executive

orders and deny that Plaintiffs' characterization is a complete and accurate

statement of their contents.

92.    This paragraph contains Plaintiffs' characterization of OFAC regulations, to

which no response is required.  To the extent a response is deemed required,

Defendants respectfully refer the Court to the regulations and deny that

Plaintiffs' characterization is a complete and accurate statement of their

contents.

93.    This paragraph contains Plaintiffs' characterization of OFAC regulations, to

which no response is required.  To the extent a response is deemed required,

Defendants admit that the quoted language appears in the regulations, but

otherwise respectfully refer the Court to the regulations and deny that

Plaintiffs' characterization is a complete and accurate statement of their

contents.  Defendants deny that the "Tornado Cash Tool was criminalized,"

or that the challenged actions constituted "criminalization . . . and re-

criminalization."

94.     The first sentence of this paragraph contains Plaintiffs' characterization of OFAC regulations, to which no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in the regulations, but otherwise respectfully refer the Court to the regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents. As to the second sentence, it is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit only that the terms "idea," "tool," and "technology" are not contained within the cited regulation, but otherwise deny the allegations in this sentence.

95.     Defendants admit only that OFAC publishes the SDN List, which includes the names and other identifying information of persons whose property and interests in property are blocked to the extent they are within the United States or within the possession or control of U.S. persons. Defendants otherwise deny the allegations in this paragraph.

96.     Defendants deny the first sentence of the paragraph. The remainder of this paragraph contains Plaintiffs' characterization of OFAC regulations, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their

contents.

97.  Admitted.

98.  Defendants admit only that a U.S. person who willfully engages in a transaction or transactions with a designated person has committed a felony offense, unless such transaction or transactions are authorized or exempt from applicable OFAC regulations, but otherwise deny.

99.  As to the first sentence of this paragraph, Defendants admit only that on August 8, 2022, OFAC added Tornado Cash to the SDN List.  The remainder of the first sentence reflects Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in the first sentence. As to the second sentence, Defendants admit only that its August 8 designation identified 38 Ethereum addresses, and otherwise deny.

100.  The first sentence of this paragraph reflects Plaintiffs' opinion, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.  As to the second sentence, Defendants admit that the quoted language appears in the August 8, 2022 press release, but otherwise deny the allegations, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

101.  The allegations in this paragraph consist of Plaintiffs' characterization of this

action and Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any relief, or that Defendants have violated any of the cited authorities.

102.   As to the first sentence of this paragraph, Defendants admit only that on November 8, 2022, OFAC withdrew the August 8, 2022 designation of Tornado Cash, and otherwise deny.  As to the second sentence Defendants deny that the November 8 action constituted "re-criminaliz[ing]," and as to the remainder of the sentence, admit only that on November 8, 2022, OFAC delisted and simultaneously redesignated Tornado Cash under Executive Orders 13722 and 13694, and that the redesignation took into account additional information and included an additional basis for the designation of Tornado Cash regarding its support for DPRK activities, and otherwise deny the allegations in the second sentence.  The third sentence contains Plaintiffs' characterization of Treasury's November 8, 2022 press release, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the press release and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

103.   This paragraph contains Plaintiffs' characterization of Treasury's November

8, 2022 press release, to which no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in OFAC's press release, but respectfully refer the Court to the press release and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

104.   As to the first sentence of this paragraph, Defendants admit that the quoted word "person" appears in FAQ 1095, but otherwise deny. As to the second and third sentences, Defendants admit that on November 8, 2022, OFAC published the linked FAQ addressing the Tornado Cash designation, and admit that the quoted language appears in the FAQ, but otherwise respectfully refer the Court to the FAQ itself, and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

105.   Defendants admit only that OFAC identified 90 digital currency addresses in connection with the November 8, 2022 SDN List entry for Tornado Cash. The allegations in this paragraph are otherwise denied.

106.   The first sentence of this paragraph consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that the 29 digital currency addresses identified in the appendix to the Amended Complaint were identified in connection with the November 8, 2022 designation of Tornado

Cash.  As to the second sentence, Defendants lack knowledge or information sufficient to admit or deny the allegations because "host the technology and support functions that together constitute the core of the Tornado Cash Tool," is vague and undefined.  As to the third sentence, Defendants admit only that 29 digital currency addresses are listed in the appendix to the Amended Complaint as "Challenged in this Lawsuit," and otherwise deny. The fourth sentence is denied.

107.   Defendants admit that there are 61 addresses listed in the appendix to the Amended complaint as "Not Challenged in this Lawsuit," but otherwise lack knowledge or information sufficient to admit or deny the allegations because the terms "non-functional," "serve other purposes," and "controlled by someone" are vague and undefined.

108.   This paragraph consists of Plaintiffs' characterization of this action, and legal conclusions regarding Defendants' positions, to which no response is required.  To the extent a response is deemed required, Defendants respond as follows: With respect to the first sentence, Defendants admit only that 61 Ethereum addresses are listed in the appendix to the amended complaint as "Not Challenged in this Lawsuit," and otherwise respectfully refer the court to the designation itself for a complete and accurate reflection of its contents, and deny the remaining allegations in this sentence.  With respect to the

second sentence, Defendants respectfully refer the Court to FAQ 1095 for a full and accurate reflection of its contents, and otherwise deny the allegations in this sentence.  With respect to the third sentence, Defendants admit only that 29 addresses are listed in the appendix to the Amended Complaint as "Challenged in this Action," and otherwise deny the allegations in this sentence.

109.   Defendants admit the first sentence of this paragraph.  As to the second sentence, Defendants admit, but clarify that Tornado Cash has functionality to operate on blockchains other than the Ethereum blockchain.  The third sentence consists of Plaintiffs' characterization of the August 8 and November 8, 2022 designations and Plaintiffs' legal argument and legal conclusions regarding those and hypothetical future designations, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the court to the designations for a complete and accurate reflection of their contents, and otherwise deny the allegations.  *See* Cyber-related Designation (Aug. 8, 2022) https://home.treasury.gov/policy-issues/financial-sanctions/recent-actions/20220808; Burma-related Designations; North Korea Designations; Cyber-related Designation; Cyber-related Designation Removal; Publication of Cyber-related Frequently Asked Questions (Nov. 8, 2022); *see also* 87 Fed. Reg. 49,652 (Aug. 11, 2022); 87

Fed. Reg. 68,578 (Nov. 15, 2022).

110.   As to the first sentence of this paragraph, Defendants admit only that certain of the addresses identified in the Appendix to the Amended Complaint as "Challenged in this Lawsuit" are designed to disallow future edits to their code, but otherwise lack knowledge or information sufficient to admit or deny the allegations. The remaining sentences consist of legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny the allegations in those sentences.

111.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

112.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants respectfully refer the court to the cited FAQ and press article for a complete and accurate reflection of their contents.

113.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants respectfully refer the court to the cited FAQ for a complete and accurate

reflection of its contents.

114.  The first and second sentences of this paragraph are denied.  The third
      sentence consists of Plaintiffs' legal argument and legal conclusions, to
      which no response is required.  To the extent a response is deemed required,
      Defendants deny.

115.  This paragraph appears to consist of Plaintiffs' characterization of Treasury's
      August 8, 2022 press release.  Defendants respectfully refer the court to the
      press release for a complete and accurate reflection of its contents, and deny
      any allegations that are inconsistent with it. See Treasury Sanctions North
      Korean Senior Officials and Entities Associated with Human Rights Abuses
      (July 6, 2016) home.treasury.gov/news/press-releases/jl0506.

116.  This paragraph appears to consist of Plaintiffs' characterization of OFAC's
      FAQ 1095 (last updated Nov. 8, 2022), https://home.treasury.gov/policy-
      issues/financial-sanctions/faqs/1095.  Defendants respectfully refer the court
      to the FAQ for a complete and accurate reflection of its contents, and deny
      any allegations that are inconsistent with it.

117.  Denied.

118.  The first sentence of this paragraph consists of Plaintiffs' characterization of
      this action and Plaintiffs' opinion, to which no response is required.  To the
      extent a response is deemed required, Defendants deny.  Defendants lack

knowledge sufficient to admit or deny the second sentence, because the terms "good tools" and "bad people" are vague and undefined.  The third sentence consists of Plaintiffs' legal argument, legal conclusions, and opinion, to which no response is required.  To the extent a response is deemed required, Defendants deny.

119.  This paragraph consists of Plaintiffs' legal argument, legal conclusions, and opinion, to which no response is required.  To the extent a response is deemed required, Defendants deny.

120.  The first sentence of this paragraph consists of Plaintiffs' legal argument, legal conclusions, and opinion, to which no response is required.  To the extent a response is deemed required, Defendants deny.  As to the second sentence, Defendants admit only that certain Tornado Cash smart contracts remain online and operable, and otherwise deny.

121.  The first sentence of this paragraph consists of Plaintiffs' opinion and legal argument, to which no response is required.  To the extent a response is deemed required, Defendants deny.  As to the second sentence, Defendants admit only that certain Tornado Cash smart contracts are still operational, but otherwise deny.  As to the third sentence, Defendants admit only that individuals may receive unsolicited crypto assets sent through Tornado Cash, *see* FAQ 1078 (last updated Nov. 8, 2022), https://home.treasury.gov/policy-

issues/financial-sanctions/faqs/added/2022-09-13, but otherwise deny the allegations in that sentence.  As to the fourth sentence, Defendants admit only that when a U.S. person receives assets from a person named on the SDN List, in general such assets must be blocked and reported to OFAC. Defendants otherwise deny the allegations in the fourth sentence.

122. This paragraph contains Plaintiffs' characterization of the cited article, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited article and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

123. This paragraph contains Plaintiffs' characterization of the cited articles, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited articles and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

124. The first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that OFAC reporting obligations may apply to U.S. persons who have received unsolicited and nominal amounts of virtual currency or other virtual assets from Tornado Cash smart

contracts, but otherwise deny the allegations.  The remainder of this paragraph contains Plaintiffs' characterization of FAQ No. 1078, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FAQ and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

125.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

126.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

127.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

128.   Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

129.   This paragraph contains Plaintiffs' characterization of IEEPA, to which no

response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

130. This paragraph contains Plaintiffs' characterization of the North Korea Sanctions and Policy Enhancement Act, to which no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in 22 U.S.C. §9214 and 50 U.S.C. §1702, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

131. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

132. The first and second sentences of this paragraph reflect Plaintiffs' opinion, to which no response is required, and include phrases such as "[m]any uses" and "[m]any involve," which are vague and undefined.  Thus, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and second sentences.  The third sentence is denied.

133. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed

required, Defendants deny.

134. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited statute, but otherwise deny, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

135. Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

136. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited Executive orders and regulation, but otherwise respectfully refer the Court to the Executive orders and regulation and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

137. The first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited regulations, but otherwise respectfully refer the Court to the regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.  As to the second sentence, it is a legal

conclusion to which no response is required.  To the extent a response is deemed required, Defendants admit only that the terms "idea," "tool," and "technology" are not contained within the cited regulation, but otherwise deny the allegations in this sentence.

138. This paragraph consists of legal conclusions and Plaintiffs' characterization of Defendants' August 8, 2022 and November 8, 2022 press release, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the press releases, but otherwise deny the allegations, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

139. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit that none of the 29 addresses listed as "Challenged in this Lawsuit" in the appendix to the Amended Complaint are a person.  The second sentence is denied.

140. This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited statute, but otherwise deny, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

141.  Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

142.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the cited case, but otherwise deny.

143.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

144.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

145.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

146.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

147.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed

required, Defendants deny, and respectfully refer the Court to the cited regulations and website for a complete and accurate statement of their contents.

148.  This first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.  The second and third sentences consist of Plaintiffs' characterization of the August 8, 2022 and November 8, 2022 press releases, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited press releases, but otherwise respectfully refer the Court to the press releases and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

149.  This first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

150.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

151.  This first sentence of this paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response

is deemed required, Defendants admit only that the quoted language appears in the cited regulations, but otherwise respectfully refer the Court to the regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.  The second sentence consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

152.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

153.  Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

154.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

155.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the cited cases, but otherwise deny.

156.  This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed

required, Defendants deny.

157.   This paragraph consists of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that the quoted language appears in the cited statute, but otherwise deny the allegations, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

The remaining unnumbered paragraphs constitute a prayer for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever. Defendants hereby deny all allegations in Plaintiffs' Amended Complaint not expressly admitted or denied.

The Appendix to the Amended Complaint constitutes Plaintiffs' characterization of this action, to which no response is required, but to the extent a response is deemed required, Defendants deny that the list constitutes "Sanctioned Addresses."  As to the allegation that the 29 addresses listed as "Challenged in this Lawsuit" are "Immutable," Defendants admit only that certain of the addresses identified in the Appendix to the Amended Complaint as "Challenged in this Lawsuit" are designed to disallow future edits to their code, but otherwise lack knowledge or information sufficient to admit or deny the allegations.

**Affirmative Defenses**

A.    Plaintiffs lack standing to bring this lawsuit.

B.    Plaintiffs fail to state claims for which relief can be granted.

C.    Defendants at all relevant times acted in accordance with applicable legal

authority, and did not violate the Constitution, Administrative Procedure

Act, IEEPA, the United Nations Participations Act of 1945, North Korea

Sanctions and Policy Enhancement Act of 2016, or any other applicable

statute or authority.

D.    To the extent that Plaintiff's claims rely on constitutionally protected

interests or applicable case law, such authorities to do not apply to the

circumstances alleged by Plaintiffs.

Wherefore, having fully Answered, Defendants respectfully request that the Court

enter judgment dismissing this action with prejudice and awarding Defendants

costs and other such relief as the Court may deem appropriate.


 Dated: January 9, 2022                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney
                                           General

                                           ALEXANDER K. HAAS
                                           Director

DIANE KELLEHER
Assistant Director

STEPHEN M. ELLIOTT
Senior Counsel

CHRISTOPHER R. HEALY
*/s/ Christine L. Coogle*
CHRISTINE L. COOGLE
Trial Attorneys
Federal Programs Branch
Civil Division
United States Department of Justice
1100 L St. NW
Washington, D.C. 20005
202-880-0282
christine.l.coogle@usdoj.gov

*Counsel for Defendants*