# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| COIN CENTER *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JANET YELLEN *et al.*,<br><br>*Defendants*. | No. 3:22-cv-20375 |

# MOTION FOR A PROTECTIVE ORDER TO PRECLUDE EXTRA-RECORD EXPERT SUBMISSION

On February 9, 2023, the Court granted the Parties' request to extend deadlines for the Parties' proposed initial scheduling order until March 6, 2023. ECF No. 21. On March 2, 2023, Plaintiffs' counsel informed Defendants that they will not challenge the sufficiency of the administrative record, but that they did intend to include an "expert declaration" along with their forthcoming summary judgment motion. Defense counsel informed Plaintiffs' counsel that Defendants oppose such a declaration, since this case is brought under the Administrative Procedure Act (APA), and must be decided based on the administrative record. *See* Joint Mot. for Entry of Sched. Order at 1, ECF No. 14. Nonetheless, Plaintiffs indicated they

1

planned to continue with their proposed expert submission,[1] and noted that they did not interpret the Court's scheduling order, ECF No. 15, to require that they seek leave to include it.

However characterized, Defendants oppose this submission, and ask the Court to preclude its filing, because it is improper under the APA. The Court should enter the requested order now, rather than waiting for the Parties to brief summary judgment, because the submission itself is not appropriately considered, and resolving this motion now would avoid needless subsequent litigation over the expert submission, including with respect to any depositions or rebuttal testimony. Judicial economy favors a ruling now to avoid the burden on the Court of reviewing material that should not have been submitted in the first place.

The Parties do not dispute that all of Plaintiffs' claims are pled under the APA. *See* Amended Compl., ¶¶ 128-57, ECF No. 9 (identifying the APA as the cause of action for all claims); *see also* Joint Mot. for Entry of Sched. Order at 1, ECF No. 14 (joint statement that "Plaintiffs filed this action under the Administrative

---

[1] Although Plaintiffs stated their intention to submit such a declaration last week, Plaintiffs' counsel modified that position in an e-mail today, stating that that they do not yet know for sure the identity of their expert, the contents of the expert declaration, or whether they will ultimately decide to file it. But today is the deadline to identify any deficiencies in the administrative record, including any deficiencies that would justify the inclusion of any extra-record information. Plaintiffs have not identified any such deficiencies. Accordingly, and for the reasons stated herein, no such declaration should be permitted, and Defendants seek an order to preclude its filing.

2

Procedure Act"). Accordingly, the Parties have agreed that this case is "appropriately resolved by submission of the administrative record." *Id.*

In APA actions, it is well-established that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *see also* 33 Charles Allan Wright et al., Federal Practice and Procedure § 8306 (1st ed. rev. Apr. 2017) ("It is black letter law that, except in the rare case, review in federal court must be based on the record before the agency and, hence, a reviewing court may not go outside the administrative record."); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) ("The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision.") (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). Absent extraordinary circumstances inapplicable here, judicial review is appropriately cabined to the administrative record before the agency. *See, e.g.*, *Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (holding that a district court should go "beyond the administrative record" only where "there is 'initially a strong showing of bad faith or improper behavior' by the agency"); *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (similar).

Accordingly, Plaintiffs should be precluded from submitting the proposed extra-record expert report.  *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (explaining that a court's "factfinding capacity" is "typically unnecessary to judicial review" in an APA case); *Nat'l Min. Ass'n v. Sec'y, U.S. Dep't of Labor*, 812 F.3d 843, 875 (11th Cir. 2016) (holding that courts are "not generally empowered" to consider facts beyond the administrative record); *United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995) ("When directly reviewing an agency decision or regulation, a court does not consider any evidence that was not in the record before the agency at the time that it made the decision or promulgated the regulation.").

Opinions of outside experts are not properly considered in an APA case. Indeed, the Supreme Court has recognized that "an agency must have discretion to rely on the reasonable opinions *of its own* qualified experts," as apparent on the face of the record.  *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 378 (1989) (emphasis added).   Courts have frequently rejected attempts by Plaintiffs to supplement the administrative record with outside expert testimony.  *See, e.g.*, *Georgia River Network v. U.S. Army Corps of Eng'rs*, No. 4:10-CV-267, 2011 WL 2551044, at *3 (S.D. Ga. June 27, 2011) (precluding as improper any "attempt to commence a battle of the experts after the record has been closed."); *Californians for Alternatives to Toxics v. U.S. Fish & Wildlife Serv.*, 814 F. Supp. 2d 992, 1005

4

(E.D. Cal. 2011) (explaining that, in an APA case, the court "is not to entertain a 'battle of the experts' when plaintiffs proffer expert testimony to set against the agency's professional judgment"); *Enviro. Def. v. U.S. Army Corps of Eng'rs*, 515 F. Supp. 2d 69, 82 (D.D.C. 2007) (a "battle of experts" is "off limits to APA judicial review"). Indeed, a Court "cannot find, or consider, facts not raised in the administrative forum, nor can [it] 'reweigh the evidence from scratch[.]'" *Barkalifa v. Holder*, No. 12-CV-20245, 2013 WL 12064868, at *7 (S.D. Fla. Nov. 8, 2013).

During the meet and confer, Plaintiffs did not point to any circumstances that would permit the filing of an expert declaration. As discussed, although there are certain narrow exceptions to record review, a "strong showing of bad faith or improper behavior" is a procedural prerequisite to doing so. *See Alabama-Tombigbee*, 477 F.3d at 1262 ("going beyond the administrative record" is appropriate "*only* where there is *initially*" a bad faith showing) (emphasis added); *see also Kirkpatrick v. White*, 351 F. Supp. 2d 1261, 1272 (N.D. Ala. 2004) (quoting *United States v. Amtreco, Inc.*, 806 F. Supp. 1004, 1006 (M.D. Ga. 1992)) (exceptions to administrative record review are "'narrowly construed,'" and "the party seeking discovery has 'a heavy burden to show that supplementation is necessary.'"). Here, Plaintiffs have raised no allegation of bad faith or challenged the sufficiency of the record . *See* ECF No. 24. Instead, Plaintiffs intend to use an expert to support their argument that the designation was outside the agency's

statutory authority. This would be an improper use of an expert, even in a non-APA case. *See, e.g.*, *Freund v. Butterworth*, 165 F.3d 839, 863 n. 34 (11th Cir. 1999) (en banc) (questions of law, as well as mixed questions of law and fact, are not the proper subject of expert testimony); *Floyd v. City of New York*, 861 F. Supp. 2d 274, 287 (S.D.N.Y. 2012) (expert testimony on questions of law would "usurp the role of the court in determining the applicable legal standards"). And in any event, a statutory challenge to agency action "can be resolved with nothing more than the statute and its legislative history." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001). Indeed, if all a plaintiff needed to circumvent record review was to include a claim that the agency acted outside its legal authority, it would "incentivize every unsuccessful party to agency action to allege" such violations "to trade in the APA's restrictive procedures" for the Federal Rules of Civil Procedure. *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014).

For these reasons, the proposed expert testimony should not be permitted.[2]

Dated: March 6, 2023                                Respectfully submitted,

---

[2] To the extent the Court does permit the submission of Plaintiffs' proposed expert testimony, however, Defendants respectfully request that the Court require Plaintiffs to identify that expert, and serve Defendants with that expert's proposed testimony, no later than 30 days prior to Plaintiffs' motion for summary judgment. Defendants reserve all rights to object to such expert testimony on any appropriate grounds, seek any necessary rebuttal testimony and/or depositions, and seek to modify the summary judgment schedule as necessary.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

DIANE KELLEHER
Assistant Director

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
CHRISTINE L. COOGLE
STEPHEN M. ELLIOTT
Federal Programs Branch, Civil Division
United States Department of Justice
1100 L St. NW
Washington, DC 20005
Tel: 202-514-8095
Fax 202-616-8470
E-mail: Christopher.Healy@usdoj.gov
*Counsel for Defendants*