UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| COIN CENTER; PATRICK O'SULLIVAN; JOHN DOE; and DAVID HOFFMAN,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>JANET YELLEN, in her official capacity as Secretary of the Treasury; DEPARTMENT OF THE TREASURY; ANDREA M. GACKI, in her official capacity as Director of the Office of Foreign Assets Control; and OFFICE OF FOREIGN ASSETS CONTROL,<br>　　　　　　Defendants. | Case No.<br>3:22-cv-20375-TKW-ZCB |

**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND SUPPORTING MEMORANDUM**

Per this Court's order, Doc. 27 at 2, Plaintiffs move to admit the expert declaration of Peter Van Valkenburgh. When an agency action implicates "technical terms or complex subjects," a declaration that "explain[s]" those terms or subjects is admissible, even if it "go[es] beyond the administrative record." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1247 n.1 (11th Cir. 1996). "Courts have routinely held that such limited supplemental information is appropriate for APA review." *Kaysville City v. FDIC*, 2012 WL 6730057, at *7 (D. Utah Dec.

1

28), *aff'd*, 557 F. App'x 719 (10th Cir. 2014). This case implicates technical terms and complex subjects about cryptocurrency and related technologies. The Van Valkenburgh Declaration, which is attached to this motion, explains those terms and subjects. *See generally* Ex. A (Decl.).

This Court should allow Plaintiffs to include the declaration with their motion for summary judgment because it's admissible, helpful to the Court, and important to Plaintiffs' claims. The declaration is "a clarification or an explanation of the original information before the Agency, and for this purpose it is proper for [this Court] to consider [it]." *Ass'n of Pacific Fisheries v. EPA*, 615 F.2d 794, 811 (9th Cir. 1980) (Kennedy, J.). Its inclusion is especially appropriate in this case, where there was no notice-and-comment period and therefore no other conceivable opportunity for Plaintiffs to present it. *See Jenkins v. McKeithen*, 395 U.S. 411, 429 (1969). And this Court can decide how much weight to give the declaration later, after full briefing on summary judgment. The Court should either grant Plaintiffs leave to file their declaration or defer its decision until after the parties have briefed their cross-motions for summary judgment.

## BACKGROUND

This case concerns Defendants' criminalization of an open-source software tool that helps Americans use cryptocurrency in privacy. Defendants prepared this administrative action in secret, without input from Plaintiffs or any member of the public, and simply announced the criminalization in the Federal Register. Plaintiffs,

users of cryptocurrency who wish to use the tool, sued Defendants. Doc. 1. Defendants then rescinded their initial action and replaced it with another criminalization, and Plaintiffs amended their complaint. Doc. 9. Defendants answered. Doc. 17.

Plaintiffs' amended complaint alleges four claims. First, the criminalization exceeds Defendants' statutory authority. Defendants invoke a statute giving them power to criminalize transactions involving "property in which any foreign[er] has any interest," 50 U.S.C. §1702, but they criminalized a technology that can be used by Americans, with no involvement of foreigners, Doc. 9 at 32-33. Second, the criminalization is contrary to law. Defendants invoke authorities that let them sanction "persons," Exec. Order 13694, 80 Fed. Reg. 18,077 (Apr. 2, 2015); 31 C.F.R. §578.201(a); Exec. Order 13722, 81 Fed. Reg. 14,943, 14,495 (Mar. 18, 2016); 31 C.F.R. §510.201, but they sanctioned an open-source technology that is not a person, Doc. 9 at 33-34. Third, the criminalization is arbitrary and capricious. Defendants, among other things, considered the wrong factors largely based on their misunderstanding of this novel technology and the technological implications of their action. *Id.* at 34-37. And fourth, the criminalization violates the First Amendment. It chills expressive associations by prohibiting the associational privacy afforded by this unique software tool. *Id.* at 37-38. The parties will soon brief these questions on cross-motions for summary judgment. *See* Doc. 26.

Before knowing the identity of Plaintiffs' expert or seeing his declaration, Defendants moved to preclude Plaintiffs from using any expert. Docs. 24, 25. This

3

Court denied that motion, but it ordered Plaintiffs to file "[a]ny motion to supplement the administrative record" by March 14 and to "include a copy of the proposed extra-record evidence." Doc. 27 at 2.

Plaintiffs now make that motion and offer that declaration. *See* Ex. A. Their declarant, Peter Van Valkenburgh, is the Director of Research at Coin Center, the leading cryptocurrency nonprofit. He is an expert in cryptocurrency technology who has published extensively on the subject since the early days of cryptocurrency. *Id.* at ¶¶1-23; *id.* at 39-55 (Decl., Appendix A). Congress regularly calls Van Valkenburgh to testify about cryptocurrency technology. *Id.* at ¶¶7-13. He is a member of the CFTC's Technology Advisory Committee Subcommittee on Virtual Currency, he has lectured about cryptocurrency technology at various law schools and engineering schools, and his work is cited extensively by Defendants in their own evidentiary memorandum underlying this action. *Id.* at ¶¶15-17; *e.g.*, Ex. B at 4-10 (A.R. 00053-00059). His declaration will aid this Court's review at summary judgment.

## ARGUMENT

This Court should let Plaintiffs attach their declaration to their motion for summary judgment. Though administrative-law claims are usually limited to the record before the agency, this case is the poster child for the exception for technical or complex subjects. And Plaintiffs' expert is plainly qualified, as Defendants seem to appreciate given their own reliance on him.

I. **The declaration is admissible because it explains technical terms or complex subjects.**

Expert declarations are admissible in administrative-law cases when they explain or clarify technical terms or complex subjects. It is well established that "certain circumstances may justify going beyond the administrative record." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1247 n.1 (11th Cir. 1996). As relevant here, "[t]he Eleventh Circuit permits a reviewing court to 'go beyond' the administrative record … if … 'technical terms or complex subjects need to be explained.'" *SOSS2, Inc. v. Army Corps of Eng'r*, 403 F. Supp. 3d 1233, 1237 (M.D. Fla. 2019) (quoting *Preserve Endangered Areas*, 87 F.3d at 1247 n.1). In other words, "[r]eview beyond the administrative record is justified … to clarify complex, technical terms involved." *Kirkpatrick v. White*, 351 F. Supp. 2d 1261, 1271 (N.D. Ala. 2004). This

exception is widely recognized throughout the Eleventh Circuit[1] and other circuits.[2]

---

[1] *E.g.*, *SOSS2, Inc. v. Army Corps of Eng'r*, 403 F. Supp. 3d 1233, 1237 (M.D. Fla. 2019); *Sierra Club v. U.S. Fish & Wildlife Serv.*, 2021 WL 5634131, at *3 (M.D. Fla. Dec. 1); *Altamaha Riverkeeper, Inc. v. Army Corps of Engineers*, 2007 WL 1830864, at *2 (S.D. Ga. June 21); *Kirkpatrick v. White*, 351 F. Supp. 2d 1261, 1271 (N.D. Ala. 2004); *Miccosukee Tribe of Indians v. United States*, 396 F. Supp. 2d 1327, 1330 (S.D. Fla. 2005); *Hakki v. Sec'y, Dep't of Veterans Affs.*, 2018 WL 6447305, at *1 (M.D. Fla. Oct. 19); *Arriva Med. LLC v. HHS*, 2020 WL 5757084, at *3 (S.D. Fla. Sept. 28).

Although the Eleventh Circuit has sometimes omitted the complex-or-technical exception when listing exceptions to the general rule about extra-record evidence, those omissions cannot be read as implicit rejections of this well-recognized exception; the litigants in those cases didn't raise the complex-or-technical exception, so the Eleventh Circuit had no reason to contemplate it. *E.g.*, *Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (stating that challengers had to make "strong showing of bad faith or improper behavior" where the challengers' briefs raised only those exceptions and never mentioned the complex-or-technical exception). Judicial opinions should not be "parsed as though we were dealing with the language of a statute," treating as binding "a handful of sentences extracted from decisions that had no reason to pass on the argument." *Brown v. Davenport*, 142 S. Ct. 1510, 1528 (2022) (cleaned up).

[2] *See Esch v. Yeutter*, 876 F.2d 976, 991-92 (D.C. Cir. 1989) ("when a case is so complex that a court needs more evidence to enable it to understand the issues clearly"); *Ruskai v. Pistole*, 775 F.3d 61, 66 (1st Cir. 2014) ("when necessary to explain technical terms or complex subject matter"); *Citizens Against Casino Gambling in Erie Cnty. v. Stevens*, 2012 WL 2405195, at *3 (W.D.N.Y. June 23, 2012) ("where the court wishes to obtain background information as an aid to understanding highly technical matters"); *Minto v. United States Off. of Pers. Mgmt.*, 765 F. App'x 779, 783 (3d Cir. 2019) ("necessary to explain technical terms or complex subject matter involved in the agency action"); *Am. Canoe Ass'n, Inc. v EPA*, 46 F. Supp. 2d 473, 477 (E.D. Va. 1999) ("to supplement the record to explain or clarify technical terms or other difficult subject matter included in the record"); *Spiller v. Walker*, 2002 WL 1609722, at *7 (W.D. Tex. July 19), *aff'd sub nom. Spiller v. White*, 352 F.3d 235 (5th Cir. 2003) ("when 'necessary to explain technical terms or complex subject matter'"); *Norwich Eaton Pharmaceuticals, Inc. v. Bowen*, 808 F.2d 486, 489 (6th Cir. 1987) ("when highly technical matters are involved"); *Hamrick v. Gen. Servs. Admin.*, 2015 WL 13590382, at *7 (C.D. Ill. Apr. 28) ("necessary to explain technical terms or complex subject matter involved in the agency action"); *Arkla Exploration Co. v. Texas Oil Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984) ("explanatory

To determine whether this exception is satisfied, courts ask two questions. First, whether the underlying action involves "complex and technical matters." *United States v. Amtreco, Inc.*, 806 F. Supp. 1004, 1007 (M.D. Ga. 1992). And second, whether the supplemental information is "of an explanatory nature." *Id.* The first element focuses on whether the subject matter is of a "complex nature," such as one implicating "technical" or "economic" questions. *Arkla Exploration Co. v. Texas Oil Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984). The second element focuses on whether the declaration "can be deemed a clarification or an explanation of the original information," *Association of Pacific Fisheries v. EPA*, 615 F.2d 794, 811 (9th Cir. 1980) (Kennedy, J.), or can "illuminate the administrative record," *Arkla*, 734 F.2d at 357.

Then-Judge Kennedy illustrated how the exception applies in *Association of Pacific Fisheries*. There, the challengers of fishery guidelines sought to admit three scholarly studies that addressed "statistical and analytical" issues implicated by those guidelines, like details about the production output of the fisheries. 615 F.2d at 811. Although the studies weren't part of the administrative record, then-Judge Kennedy explained that because "[t]he studies, and arguments based thereon, are helpful in understanding the

---

evidence serv[ing] to help the court understand the complex [subject matter]" and "to educate the court and to illuminate the administrative record"); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988) ("to explain technical terms or complex subject matter involved in the agency action"); *Franklin Sav. v. Dir. Office of Thrift Super*, 934 F.2d 1127, 1137-38 (10th Cir. 1991) ("to explain technical terms or complex subject matter involved in the action").

problem faced by the Agency and the methodology it used to resolve it," they "can be deemed a clarification or an explanation of the original information before the Agency, and for this purpose it is proper for us to consider them." *Id.*

Other courts "have routinely held that such limited supplemental information is appropriate for APA review." *Kaysville*, 2012 WL 6730057, at *7. When cases implicate technical subjects, everyone benefits from those subjects being fully explained. As the Eighth Circuit explained in affirming the admission of expert evidence in an administrative case involving petroleum geology, "even if the administrative record had been complete, [the district court] was faced with another problem—the highly technical nature of the field of petroleum geology. [The district judge] is not a geologist and, without what amounted to a short course in the subject, given in open court by experts for both plaintiffs and defendants, he could not have been expected to review the administrative record intelligently." *Arkla.*, 734 F.2d at 352-53; *see also, e.g.*, *Amtreco, Inc.*, 806 F. Supp. at 1007 (admitting testimony of two key decisionmakers because, even though nothing in the administrative record was "lacking in any way," "[t]he court believes that their testimony will be helpful in undertaking a review of the administrative record").

The declaration here falls within this established exception. First, the underlying action involves "complex and technical matters," *id.*, because it concerns cryptocurrency and related technologies. It implicates technical fields and complex subjects in mathematics and computer science. *E.g.*, Ex. A at ¶¶66-73, 99-112; *see also*

8

Ex. B. at 2 (A.R. 00022) ("cryptocurrencies rely on complex algorithms"). Second, the declaration here is "of an explanatory nature." *Amtreco, Inc.*, 806 F. Supp. at 1007. It explains, among other things, how the software underlying the challenged cryptocurrency addresses is developed, Ex. A at ¶¶45, 95-97, how it works, *id.* at ¶¶57-84, and its key underlying mathematical concepts, like zero-knowledge cryptography, *id.* at ¶¶65-73.

The Court needs to understand those questions to make a fully informed decision on each of Plaintiffs' claims. For example, Defendants claim that they have statutory authority to outlaw Plaintiffs' use of a software tool because every use of that tool involves "property in which any foreign[er] has any interest." 50 U.S.C. §1702. But that notion rests on a misconception of the underlying software tool, which in fact facilitates uses and transactions by Americans with exclusively their own property. *See* Ex. A at ¶¶85-138. As the Van Valkenburgh Declaration explains, advanced cryptocurrency technology—built permanently into the tool—ensures that those Americans' uses of the tool are entirely beyond the control of any foreigner. *Id.* at ¶¶35-36, 45-55, 85-138. Likewise, Defendants say that they have regulatory authority to outlaw Plaintiffs' use of the software tool based on their authority to sanction "persons," but the Van Valkenburgh Declaration explains that the tool is an open-source technology, permanently disconnected from any specific person, entity, or organization. *See* Ex. A at ¶¶44-56. Importantly, even if Defendants are entitled to deference on some of these questions, agencies cannot base their decisions on

9

demonstrably false information or automatically win any factual dispute raised in litigation. *See United Tech. Corp. v. Dept. of Defense*, 601 F.3d 557, 562 (D.C. Cir. 2010) ("[W]e do not defer to the agency's … unsupported suppositions"); *Building Indus. Ass'n of Cal. v. Norton*, 247 F.3d 1241, 1247 (D.C. Cir. 2001) (agency "may not … disregard superior data"); *National Mining Ass'n v. Secretary of Labor*, 153 F.3d 1264, 1267 (11th Cir. 1998) ("we need not defer to issues beyond the agency's expertise").

While evidence "can be deemed a clarification or an explanation" without being better or worse than anything already in the record, *Ass'n of Pacific Fisheries*, 615 F.2d at 811, here the Van Valkenburgh Declaration provides a *better* explanation than the record. To take one of several examples, the administrative record says that the challenged cryptocurrency addresses are "controlled by a DAO" (shorthand for a "decentralized autonomous organization") that "implements … new features in a process called Trusted Setup Ceremony." *See* Ex. B at 3 (A.R. 00035). But as the declaration explains, those addresses are immutable, which means that new features cannot possibly be implemented by anyone, including any DAO. *See* Ex. A at ¶¶35-36, 45-55. And if a DAO could implement new features, it could not do so through a "Trusted Setup Ceremony." *Id.* at ¶¶98-113. A Trusted Setup Ceremony does not implement new features in immutable tools; it just creates a large random number. *Id.* And the relevant DAO didn't even exist at the time of the Trusted Setup Ceremony described by Defendants. *Id.* at ¶121. The record reflects that Defendants are new to this technology, and the Declaration straightens out many of the agency's misstatements—misstatements that, even if they

10

didn't undermine the agency's action, would still cause needless confusion on review. *See Alliance v. Dep't of Interior*, 572 F. Supp. 3d 943, 948-49 (D. Mont. 2020) (admitting report as "necessary to explain technical terms or complex subject matter" for the same reasons that "it would frustrate judicial review" to exclude it).

The case for admission is uniquely strong here because the agency's action was taken without notice or comment, so Plaintiffs had no opportunity to present their views for inclusion in the administrative record. "The APA's notice requirements are designed … to give affected parties an opportunity to develop evidence in the record to support their objections to the rule and thereby enhance the quality of judicial review." *Miami-Dade Cty. v. EPA*, 529 F.3d 1049, 1058 (11th Cir. 2008) (cleaned up). "[T]he rarity with which consideration of extra-record evidence occurs stems in part from the fact that challengers … typically have the opportunity to submit such evidence in conjunction with comments on proposed agency action." *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113-14 (D.D.C. 2015). It follows that when "there was no notice and comment period," and the "declaration features exactly the sort of commentary that parties typically submit to an agency before its action is finalized, particularly in instances that involve technical subject matter," the "appropriate remedy is *not* to strike [the expert] declaration." *Id.* (citing *Pharmaceutical Research & Mfrs. Of America v. FTC,* 790 F.3d 198, 211 (D.C. Cir. 2015)). So where, as here, Defendants' action was prepared in secret and imposed without notice and comment, *Notice of OFAC Sanctions Action*, Fed. Reg. 68,581 (Nov. 15, 2022), the admission of the declaration is the only way that Plaintiffs can present evidence and

will "enhance the quality of judicial review," *Miami-Dade Cty.*, 529 F.3d at 1058; *see also Preserve Endangered Areas*, 87 F.3d at 1247 n.1 (recognizing exception for extra-record evidence where "agency's failure to explain its action effectively frustrates judicial review").

If Plaintiffs cannot submit their views during a notice-and-comment period *or* litigation, that ruling would raise due-process concerns. *See Jenkins*, 395 U.S. at 429 ("The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause."). That concern is especially problematic in this case, where an agency is deciding individuals' rights against a felony criminal law. *See* Doc. 9 at 24 (listing penalties).

## II. No other considerations counsel against admission.

In case Defendants argue that Van Valkenburgh is not a qualified expert—despite relying on him in their own materials—Plaintiffs will briefly address that argument now. As described in more detail in the declaration itself, Van Valkenburgh is a full-time cryptocurrency researcher and educator, is one of the world's leading experts on cryptocurrency technology, bases his declaration on years of study and immersion in the field, and has special knowledge and authority on the subject matter underlying this case. *See Disrupter Series: Improving Consumers' Financial Options With Fintech: Hearing Before H. Subcomm. on Digital Commerce and Consumer Protection*, 115th Cong. (June 8, 2017) (testimony to Congress about Ethereum smart contract technology); Ex. A at ¶13; *id.* at 39-55. He is not just qualified, but exceptionally so. *See United States v. Williams*, 865 F.3d 1328, 1340

(11th Cir. 2017) ("given Tirado's extensive training and experience, any quarrels with his qualifications," including his lack of publications and education, "were fodder for cross examination rather than reason to exclude his testimony altogether").

And "[t]hat a witness is an employee of a party does not preclude his qualification as an expert." *Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1174 (5th Cir. Mar. 16, 1981), *opinion corrected in other part*, 645 F.2d 511 (5th Cir. May 21, 1981) (made "binding as precedent in the Eleventh Circuit" by *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981)). In fact, Rule 26(a)(2)(B) specially provides that experts who are employees of a party are subject to laxer rules than other experts. *See* Fed. R. Civ. P. 26(a)(2)(B).

Of course, to the extent that the Court has any reservations about Van Valkenburgh's qualifications or declaration, it can simply allow Plaintiffs to submit the declaration and rule on its admissibility later, or simply carry this motion with its ultimate decision on summary judgment. That way, the Court can make a decision on Plaintiffs' expert after it's received the parties' summary-judgment briefs and can see, in context, whether and why the declaration helps. "Evidentiary questions are rarely well decided in the abstract," *Southern Ry. Co. v. Georgia Kraft Co.*, 823 F.2d 478, 482 n.6 (11th Cir. 1987), and courts regularly decide APA admissibility questions after the parties submit their dispositive briefs, *e.g.*, *Sackett v. EPA*, 2015 WL 1825522, at *4 (D. Idaho Apr. 21) ("The Court has reviewed the particular materials at issue in the Motion to Strike and will reserve its ruling on those matters until after the parties have filed their dispositive motions in

this case."); *Animal Legal Def. Fund v. Azar*, 2022 WL 4596609, at *1 (N.D. Cal. July 14) (APA plaintiffs "likely could have simply filed the [expert] declaration with their [summary judgment] motion, leaving it to defendants to argue in their opposition that it should not be considered, in whole or in part").

And, of course, Defendants are free to make any arguments they want about the declaration's weight, including arguments about how they were entitled to rely on their own experts or disagree with Plaintiffs'. Excluding the declaration in this speculative context, however, would prevent the Court from going into summary judgment fully informed, both on this motion and on the ultimate merits of the case.[3]

## CONCLUSION

This Court should admit the expert declaration.

---

[3] Plaintiffs filed this motion as a "motion to supplement the administrative record" based on this Court's order. *See* Doc. 27 (ordering Plaintiffs to "file a motion to supplement the administrative record with a copy of its proposed extra-record evidence" in seven days to decide whether they could submit "extra-record expert declaration with [their] motion for summary judgment"). Though nothing turns on it if this motion is granted, Plaintiffs respectfully disagree that they needed to "supplement the administrative record" to submit an expert declaration with their summary-judgment motion. If their motion is denied, Plaintiffs preserve for appeal the argument that they should have been allowed to submit this declaration according to the ordinary rules of civil discovery. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(B), (b) (waiving initial disclosures, but *not* expert discovery, in "an action for review on an administrative record").

Dated: March 14, 2023

Respectfully submitted,

*s/Cameron T. Norris*
Jeffrey M. Harris*
Cameron T. Norris*
Jeffrey S. Hetzel*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423

J. Abraham Sutherland*
106 Connally Street
Black Mountain, NC 28711
Telephone: 805.689.4577.

Michael A. Sasso
Florida Bar No. 93814
masasso@sasso-law.com
Christian Bonta
Florida Bar No. 1010347
cbonta@sasso-law.com
SASSO & SASSO, P.A.
1031 West Morse Blvd, Suite 120
Winter Park, Florida 32789
Tel.: (407) 644-7161

*pro hac vice

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I e-filed this motion with the Court on March 14, 2023, which emailed everyone requiring notice.

*/s/Cameron T. Norris*
Counsel for Plaintiffs

## CERTIFICATES OF COMPLIANCE

Pursuant to Local Rule 7.1(B), I certify that I attempted in good faith to resolve this issue through e-mails with Defendants' attorneys but failed.

I also certify that this memorandum complies with Local Rule 7.1(F) because it contains 3,626 words, excluding the parts that may be excluded.

*/s/Cameron T. Norris*
Counsel for Plaintiffs
