# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**COIN CENTER**, et al.,

    **Plaintiffs**,

v.                                  Case No. 3:22cv20375-TKW-ZCB

**JANET YELLEN**, in her Official
Capacity as Secretary of the Treasury,
**et al.**,

    **Defendants**.

_____/

## ORDER DENYING MOTION
## TO SUPPLEMENT ADMINISTRATIVE RECORD

This case is before the Court based on Plaintiffs' motion to supplement the administrative record (Doc. 28). Upon due consideration of the motion, Defendants' response in opposition (Doc. 29), and the exhibits attached to those filings, the Court finds that the motion is due to be denied.

### I.     Background

This is an action for review of agency action under the Administrative Procedure Act (APA). The challenged agency action is the "criminalization" of Tornado Cash[1] by listing various addresses associated with it on the Specially

---

[1] Tornado Cash is a software tool used to transact cryptocurrency in the Ethereum marketplace.

Designated Nationals and Blocked Persons List ("the SDN List") established by the Office of Foreign Asset Control pursuant to delegated authority under the International Emergency Economic Powers Act, 50 U.S.C. §1701 et seq. *See* News Release, *Treasury Designates DPRK Weapons Representatives*, 2022 WL 16758617 (U.S. Dep't Treasury Nov. 8, 2022); News Release, *U.S. Treasury Sanctions Notorious Virtual Currency Mixer Tornado Cash*, 2022 WL 3153558 (U.S. Dep't Treasury Aug. 8, 2022).

The parties "agree[d] that this case is appropriately resolved by submission of the administrative record followed by cross-motions for summary judgment," and they proposed a schedule for preparing and resolving any objections to the administrative record for the challenged agency action. *See* Doc. 14. The Court adopted the proposed schedule, *see* Doc. 15, and thereafter established a briefing schedule for the parties' cross-motions for summary judgment, *see* Doc. 26.

After the briefing schedule was established, Plaintiffs filed a motion to supplement the administrative record with the declaration of attorney Peter Van Valkenburgh, who is the Director of Research at Plaintiff Coin Center and a purported expert in cryptocurrency technology.[2] Plaintiffs contend that the

---

[2] The motion was preceded by a motion for protective order filed by Defendants seeking to preclude Plaintiffs from submitting an extra-record (and, at that time, undisclosed) declaration of an unnamed expert with its motion for summary judgment. *See* Doc. 25. The Court denied Defendants' motion as premature because it was "essentially asking the Court to preemptively deny a yet-to-be-filed motion to supplement the administrative record with something that does not exist and may never exist," Doc. 27 at 1, and the Court explained that "[t]he proper way to

declaration is "important to Plaintiffs' claims" and would be "helpful to the Court" because it explains technical terms and complex subjects relevant to the challenged agency action. Defendants respond that Plaintiffs have not met the standard (i.e., bad faith or improper agency behavior) required to supplement the administrative record, that the declaration should not be included in the administrative record even under Plaintiffs' proposed standard, and that the declaration is inadmissible under the Federal Rules of Evidence in any event.

## II. Analysis

Judicial review of agency action under the APA is typically limited to the record before the agency when it took the challenged action. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) [hereinafter "*PEACH*"]. "Though certain circumstances may justify the district court going beyond the administrative record, it is not generally empowered to do so." *Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007). The district court may only go beyond the administrative record "where there is initially 'a strong showing of bad

---

resolve the issue framed by the motion for protective order is for Plaintiff[s] to file a motion to supplement the administrative record with a copy of [their] proposed extra-record evidence and explain why it is proper for the Court to consider that evidence as part of the judicial review of the challenged agency action," *id.* at 2.

3

faith or improper behavior' by the agency." *Id.* (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)); *accord Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (finding no error in the district court's decision not to allow discovery to supplement the administrative record produced by the agency because the plaintiff did not make "a strong showing of bad faith or improper behavior").

Here, Plaintiffs did not allege any bad faith or improper behavior on behalf of Defendants—much less make a "strong showing" of such. Thus, there is no legal basis for the Court to go beyond the administrative record when reviewing the challenged agency action.[3]

The Court did not overlook Plaintiffs' argument that the Eleventh Circuit noted in *PEACH* that the "[t]he Ninth Circuit has specified that a court may go beyond the administrative record only where: 1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper

---

[3] Based on this conclusion, the Court need not reach Defendants' argument that the declaration is inadmissible under the Federal Rules of Evidence. Additionally, because the law does not permit supplementation of the administrative record without a showing of bad faith, regardless of when additional evidence is offered or how helpful it may be, the Court rejects Plaintiffs' suggestion that it should defer ruling on the motion to supplement the administrative record until the summary judgment briefing in order to see the declaration in context and understand why it will be helpful.

behavior." 87 F.3d at 1246 n.1 (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988)). However, in subsequent decisions, the only exception to the record rule actually recognized by the Eleventh Circuit is the last one—i.e., bad faith or improper behavior by the agency. *See Nat'l Min. Ass'n v. Sec'y, U.S. Dept. of Labor*, 812 F.3d 843, 875 (11th Cir. 2016) ("We have acknowledged that various factors could be considered in determining the propriety of reviewing extra-record material on review of an agency rule …; in practice, however, we generally have focused pointedly on whether the petitioners have made a strong showing of bad faith or improper behavior by the agency.") (internal citation and quotation marks omitted); *Kempthorne,* 477 F.3d at 1262 (explaining that the district court should go beyond the administrative record "<u>only</u> where there is initially 'a strong showing of bad faith or improper behavior' by the agency") (emphasis added) (quoting *Overton Park,* 401 U.S. at 420)); *see also Citizens for Smart Growth v. Peters*, 2008 WL 11331898, at *2 n.3 (S.D. Fla. Sept. 24, 2008) (concluding that in light of *Kempthorne*, the Eleventh Circuit in *PEACH* did not adopt and has not since recognized the Ninth Circuit's exceptions to the record rule).

The fact that other circuits may recognize more exceptions to the record rule than the Eleventh Circuit recognizes is immaterial because this Court is required to follow the decisions of the Eleventh Circuit. *See Georgia v. President of the U.S.*, 46 F.4th 1283, 1304 (11th Cir. 2022); *Bonner v. City of Prichard, Ala.*, 661 F.2d

5

1206, 1209 (11th Cir. 1981). Moreover, some of the out-of-circuit decisions cited by Plaintiffs for the proposition that extra-record evidence can be considered when the challenged agency action is complex or technical do not appear to be good law. For example, although the D.C. Circuit recognized in *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989), that extra-record evidence can be considered "when a case is so complex that a court needs more evince to enable it to understand the issues clearly," the court subsequently observed that "*Esch* has been given a limited interpretation since it was decided, and at most it may be invoked to challenge gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review." *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013); *see also San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 604-05 (9th Cir. 2014) (not entirely foreclosing the possibility that extra-record expert testimony providing "background material" could be admissible under the exception to the record rule recognized in *Animal Defense Council*, but concluding that technical testimony on the merits of the challenged agency action was inadmissible); Conley K. Hurst, *The Scope of Evidentiary Review in Constitutional Challenges to Agency Action*, 88 U. Chi. L. Rev. 1511, 1525 (2021) (observing that the "necessary to explain technical terms or complex subject matter" exception to the record rule is "unique to the Ninth Circuit and with little basis in the *Overton Park* bad faith standard").

Even if the Eleventh Circuit recognized the exception to the record rule advocated by Plaintiffs, the Court would still deny Defendants' motion to supplement the administrative record with Mr. Van Valkenburg's declaration because, although the subject matter of this case is complex, the Court is not persuaded that it is so complex that the challenged agency action is unreviewable without the explanation provided in the declaration. Moreover, the declaration would be cumulative because similar information is already in the administrative record. *See* Doc. 29-2 (excerpt of the administrative record containing an article published by Coin Center and authorized by Mr. Van Valkenburgh and others entitled "How does Tornado Cash Work?"). Finally, the declaration largely consists of legal argument that is better suited for Plaintiffs' summary judgment briefing than a supplement to the administrative record. *See Minto v. U.S. Off. of Pers. Mgmt.*, 765 F. App'x 779, 783-84 (3d Cir. 2019) (affirming the district court's conclusion that the administrative record was "exceedingly complete" without a declaration "set[ting] forth additional legal arguments" that was offered to explain complex terminology and references within the record).

The Court did not overlook Plaintiffs' suggestion that the inability of interested parties to provide their views to Defendants during a notice and comment period before Tornado Cash was added to the SDN List raises "due process concerns." However, the Court finds this argument unpersuasive for three reasons.

First, the argument effectively proves the point that the declaration is not objective background information and explanation, but rather is largely an advocacy piece expressing Plaintiffs' own "views." Second, Plaintiffs were not prejudiced by their alleged inability to comment because as noted above (and acknowledged in the declaration[4]), Mr. Van Valkenburgh's views are already in the administrative record. Third, the amended complaint does not assert a due process claim or otherwise allege that the challenged agency action is invalid because notice and comment was required before Tornado Cash was listed on the SDN List.

Finally, the Court did not overlook Plaintiffs' argument that they "should have been allowed to submit [Mr. Van Valkenburg's] declaration according to the ordinary rules of civil discovery" because cases involving the review of agency action are not expressly exempted from Fed. R. Civ. P. 26(a)(2) governing expert witnesses. *See* Doc. 28 at 14 n.3. However, the Court finds that argument unpersuasive because, as discussed above, the case law is clear that the Court's review under the APA is constrained by the administrative record absent agency bad faith or improper behavior. *See Fla. Power & Light*, 470 U.S. at 743-44; *Camp*, 411 U.S. at 142; *Kempthorne*, 477 F.3d at 1262; *PEACH*, 87 F.3d at 1246. Moreover, in

---

[4] Doc. 28-1 at 4 (¶17) ("Defendants, in the Evidentiary Memorandum underlying the challenged designation, relied on my work. Defendants' memorandum cites my work for a wide range of propositions about how the challenged 29 addresses … function. Defendants' Evidentiary Memorandum cited my work about fifteen times.").

their joint motion for entry of scheduling order, the parties "agree[d] that this case is appropriately resolved by submission of the administrative record followed by cross-motions for summary judgment," Doc. 14 at 1, and they did not suggest that any discovery or expert testimony would be necessary or appropriate in this case.

### III. Conclusion

In sum, for the reasons stated above, it is **ORDERED** that Plaintiffs' motion to supplement the administrative record (Doc. 28) is **DENIED**.

**DONE and ORDERED** this 10th day of April, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**