# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

COIN CENTER; PATRICK
O'SULLIVAN; JOHN DOE; and
DAVID HOFFMAN,

                Plaintiffs,

       v.

JANET YELLEN, in her official
capacity as Secretary of the Treasury;
DEPARTMENT OF THE
TREASURY; ANDREA M. GACKI,
in her official capacity as Director of
the Office of Foreign Assets Control;
and OFFICE OF FOREIGN ASSETS
CONTROL,

                Defendants.

Case No.
3:22-cv-20375-TKW-ZCB

## DECLARATION OF PATRICK O'SULLIVAN

I, Patrick O'Sullivan, in accordance with 28 U.S.C. § 1746, declare as follows:

1.      I am over eighteen years old and competent to sign this declaration. These statements are based on my personal knowledge.

2.      I live in Santa Rosa County, Florida and work as a software developer. At the time of the filing of the complaints in this case, I lived in Escambia County, Florida.

3.      I am an American citizen.

4.      I am routinely paid by my employer in crypto assets. As a result, my employer and those who know my employer's Ethereum address, such as other employees and other businesses, can identify my cryptocurrency address on the Ethereum public ledger. That can allow them to track my salary, my assets, and my unrelated personal activities. I would like to keep those things private.

5.      I also use crypto assets in other ways that could allow third parties to identify my cryptocurrency address on the Ethereum public ledger and to track my salary, my assets, and my unrelated personal activities. I would like to keep those things private.

6.      I am a publicly known user and developer of Ethereum-related technology. As a result, I am at increased risk of having my activities monitored, which can imperil my and my family's privacy and personal safety.

7.      I therefore routinely use cryptocurrency privacy tools to protect myself and my family.

2

8.    One of the most important privacy tools for Ethereum users is the "Tornado Cash" tool, or the core software tool at issue in this case.

9.    If not for the criminalization of the tool, I would use it to protect my privacy.

10.    Specifically, I would deposit my crypto assets from my publicly known address to one of the core software tool addresses. I would then withdraw my crypto asset from that address to a new, more private address under my control.

11.    I would not use a registered relayer. I believe that registered relayers are optional and unnecessary to achieving my goals of improving my privacy. I do not wish to use them and would not use them.

12.    My use would therefore consist of my public address sending my crypto asset, such as 0.1 ETH, then my private address withdrawing that same 0.1 ETH, without any payment to any registered relayer:

[0.1 ETH] [my more public address] → 0x12D66f87…

[0.1 ETH] 0x12D66f87… → [my more private address]

13.    Throughout the entirety of this transaction, nothing would be sent to a registered relayer, software writer, or DAO member. The only payment that I would make would be the standard Ethereum transaction fee associated with any transaction.

14.    Throughout my planned transactions, I alone would control the funds. And I alone would have access to both the public and private address.

15.    Because of Defendants' criminalization I am prohibited from undertaking my planned course of activity and impeded from protecting my privacy.

16.    I declare under penalty of perjury that the foregoing is true and correct.

Executed May 25, 2023 in Santa Rosa County, Florida.

_____

Patrick O'Sullivan