# Exhibit C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| COIN CENTER; PATRICK O'SULLIVAN; JOHN DOE; and DAVID HOFFMAN,<br><br>                Plaintiffs,<br><br>v.<br><br>JANET YELLEN, in her official capacity as Secretary of the Treasury; DEPARTMENT OF THE TREASURY; ANDREA M. GACKI, in her official capacity as Director of the Office of Foreign Assets Control; and OFFICE OF FOREIGN ASSETS CONTROL,<br><br>                Defendants. | Case No.<br>3:22-cv-20375-TKW-ZCB |

## DECLARATION OF DAVID HOFFMAN

I, David Hoffman, in accordance with 28 U.S.C. § 1746, declare as follows:

1. I am over eighteen years old and competent to sign this declaration. These statements are based on my personal knowledge.

2. I live in New York and work as a crypto asset investor and entrepreneur.

3. I am an American citizen.

4. I use Ethereum publicly. I make one of my Ethereum addresses public, so that anyone can access it online and transact with me.

5. Because I make one of my Ethereum addresses public, anyone can send assets to it without my knowledge or consent. After Defendants criminalized the "Tornado Cash" tool, or the core software tool at issue in this case, someone sent crypto assets to me through the tool.

6. The burdens of potential liability and reporting obligations were forced upon me because I received payment through one of the listed addresses. I am under continuing threat of being subjected to the same burdens by future senders, any one of whom can route a payment to my public address through the tool.

7. Also because I make one of my Ethereum addresses public, third parties can identify my activities on the Ethereum public ledger. That can allow them to track my salary, my assets, and my unrelated personal activities. I would like to keep some of those things private.

8. I therefore routinely use cryptocurrency privacy tools to protect myself.

9. One of the most important privacy tools for Ethereum users is the core software tool at issue in this case.

10. If not for the criminalization of the tool, I would use it to protect my privacy.

11. Specifically, I would deposit my crypto assets from my publicly known address to one of the core software tool addresses. I would then withdraw my crypto asset from that address to a new, more private address under my control.

12. I would not use a registered relayer. I believe that registered relayers are optional and unnecessary to achieving my goals of improving my privacy. I do not wish to use them and would not use them.

13. My use would therefore consist of my public address sending my crypto asset, such as 0.1 ETH, then my private address withdrawing that same 0.1 ETH, without any payment to any registered relayer:

   [0.1 ETH] [my more public address] → 0x12D66f87…

   [0.1 ETH] 0x12D66f87… → [my more private address]

14. Throughout the entirety of this transaction, nothing would be sent to a registered relayer, software writer, or DAO member. The only payment that I would make would be the standard Ethereum transaction fee associated with any transaction.

15. Throughout my planned transaction, I alone would control the funds. And I alone would have access to both the public and private address.

3

16. Because of Defendants' criminalization I am prohibited from undertaking my planned course of activity and impeded from protecting my privacy.

17. I declare under penalty of perjury that the foregoing is true and correct.

Executed May 25, 2023 in New York.

_____

David Hoffman