# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

|  |  |
|---|---|
| **Coin Center et al.,** | |
| **Plaintiffs,** | |
| **v.** | Case No. 3:22-cv-20375-TKW-ZCB |
| **Janet Yellen, in her official capacity as Secretary of the Treasury, et al.,** | |
| **Defendants.** | |

## MOTION FOR LEAVE TO FILE BRIEF FOR *AMICI CURIAE* BLOCKCHAIN ASSOCIATION AND DEFI EDUCATION FUND IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Blockchain Association (the "Association") and DeFi Education Fund ("DEF"), through their undersigned counsel, move this Court for leave to file as *amici curiae* the attached brief.[1]  The brief urges the Court to grant Plaintiffs' motion for summary judgment, drawing upon *amici*'s expertise regarding cryptocurrency and the digital asset economy.  This motion is supported by the memorandum below.  The proposed *amicus* brief and a proposed order granting the instant motion are attached as Exhibits A and B.

---

[1]  No party or counsel for a party authored the proposed brief in whole or in part, and no party, counsel for a party, or person other than the proposed *amici curiae* or their counsel has made any monetary contribution intended to fund the preparation or submission of the proposed brief.

## SUPPORTING MEMORANDUM

In accordance with Local Rule 7.1, *amici* have conferred with counsel for both the Plaintiffs and the Government.  Plaintiffs have consented to the filing of this motion and brief, and the Government has consented on the following terms:

> You have Defendants' consent to file an amicus brief in support of Plaintiffs' motion for summary judgment by Friday, June 2, with the following limitations.

> Defendants' consent only to the filing of an amicus brief supporting the claims and arguments advanced by Plaintiffs in their summary judgment motion, namely that Defendants' designation of Tornado Cash "as it resides at the 29 challenged Ethereum addresses, [1] exceeded their statutory authority and was contrary to law, [2] was arbitrary and capricious, and [3] violated the First Amendment."  ECF 36.

> Defendants oppose the filing of an amicus that advances arguments in support of a claim or argument Plaintiffs did not make in their dispositive motion.

*Amici* believe the attached brief falls within these parameters, but this Court should grant *amici* leave to file even if the Government attempts to argue otherwise. For the reasons explained below, *amici* have a strong interest in this case and important expertise that may aid the Court in its consideration of the issues presented.  And to the extent that *amici*'s arguments can be said to diverge from the Plaintiffs' contentions in some fashion, *amici curiae* are entitled to raise different arguments in support of the Plaintiffs' overall claims.  *See Bridges v. City of Bossier*, 92 F.3d 329, 334 n.8 (5th Cir. 1996); *cf. Gulf Power Co. v. United States*, 187 F.3d 1324, 1330–31 (11th Cir. 1999) (considering separately "arguments raised by the amici in support of the defendants' position").

Providing additional and broader perspective for the Court to consider is, indeed, the fundamental purpose of an *amicus curiae*.

## I.   INTEREST OF *AMICI CURIAE*

The Blockchain Association (the "Association") is the leading nonprofit membership organization dedicated to promoting a pro-innovation policy environment for the digital asset economy.  It endeavors to achieve regulatory clarity and to educate policymakers, regulators, courts, and the public about how blockchain technology can pave the way for a more secure, competitive, and consumer-friendly digital marketplace. The Association represents over 100 member companies reflecting the wide range of the dynamic blockchain industry, including software developers, infrastructure providers, exchanges, custodians, investors, and others supporting the public blockchain ecosystem.

The DeFi Education Fund ("DEF") is a nonpartisan research and advocacy group that works to educate courts, policymakers, and the public about the benefits of decentralized finance—or "DeFi"—and the importance of regulatory clarity for the digital asset economy.  DEF exists to demystify the uses and benefits of DeFi, to help unlock its immense potential to facilitate human prosperity.  In doing so, it represents the interests of DeFi users, participants, and software developers working to expand the utility of DeFi.

The Association and DEF seek leave to participate in this case because they are concerned that the decision of the Office of Foreign Assets Control ("OFAC") to

sanction Tornado Cash reflects misunderstandings of how digital assets and the blockchain ecosystem work, and will have substantially harmful consequences for that ecosystem and its users.  In the attached brief, the Association and DEF seek to clarify how digital asset transactions work—in terms of blockchain generally, Tornado Cash specifically, and why the dynamics of blockchain make privacy-protecting tools like Tornado Cash important.  They further seek to explain why the Tornado Cash sanctions are unlawful under a proper understanding of this factual background.  *Amici*'s expertise as leading policy voices in the digital asset sector and representatives of those active in this industry well equips them to address these issues and their import.

## II.   ARGUMENT

Trial courts have discretion whether to allow the filing of an amicus brief.  *See League of Women Voters of Fla., Inc. v. Lee*, No. 4:21-cv-186, 2021 U.S. Dist. LEXIS 254506, at *12 (N.D. Fla. Dec. 6, 2021).  "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice."  *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).  One reason a brief may be useful and necessary is that the *amici* have "experience and qualifications" that may allow them to "aid in th[e] Court's deliberations over th[e] case."  *League of Women Voters*, 2021 U.S. Dist. LEXIS 254506, at *12.  "[A]n amicus brief should normally be allowed … when the amicus has unique information or

perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).  In this circumstance, *amici* can "submit[] briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." *Cmty. Ass'n for Restoration of the Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The foregoing describes the exact role the Association and DEF seek to play. As leading educational and representative organizations in the digital asset sector, *amici* have unique expertise on the technologies at issue in this case and the real-world effects of the Tornado Cash sanctions.  And these real-world effects—in addition to the logical consequences of OFAC's sweeping claim of regulatory authority—render this case one of significant public interest.  Given all this, the Association and DEF are well situated to supplement Plaintiffs' analysis of the Tornado Cash sanctions and their legal defects. *Amici*'s proposed brief therefore clarifies the underlying practical issues and offers supplemental analysis why the sanctions are "not in accordance with law."  5 U.S.C. § 706(2)(A).

## III.   CONCLUSION

For the foregoing reasons, the Blockchain Association and DEF respectfully request leave from the Court to file the attached brief as *amici* curiae.

Dated: June 2, 2023

Respectfully submitted,

*/s/ Brian C. Lea*
Brian C. Lea
Florida Bar No. 1011371
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30361
Phone: (404) 521-3939
Fax: (404) 581-8330
blea@jonesday.com

James M. Burnham (*pro hac vice*)
D.C. Bar No. 1015196
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jburnham@jonesday.com

Eric Tung
  (*pro hac vice* motion forthcoming)
California Bar No. 275063
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Phone: (213) 489-3939
Fax: (213) 243-2539
etung@jonesday.com

*Counsel for* Amici Curiae

## LOCAL RULE 7.1(C) CERTIFICATION

Pursuant to Local Rule 7.1(C), the undersigned certifies that counsel for *amici* have conferred with counsel for Plaintiffs and Defendants as required by Local Rule 7.1(B), and Plaintiffs consent to the entry of an order granting this motion, and Defendants consent pursuant to the following terms:

> You have Defendants' consent to file an amicus brief in support of Plaintiffs' motion for summary judgment by Friday, June 2, with the following limitations.

> Defendants' consent only to the filing of an amicus brief supporting the claims and arguments advanced by Plaintiffs in their summary judgment motion, namely that Defendants' designation of Tornado Cash "as it resides at the 29 challenged Ethereum addresses, [1] exceeded their statutory authority and was contrary to law, [2] was arbitrary and capricious, and [3] violated the First Amendment." ECF 36.

> Defendants oppose the filing of an amicus that advances arguments in support of a claim or argument Plaintiffs did not make in their dispositive motion.

/s/ Brian C. Lea
Brian C. Lea

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(F), I hereby certify the foregoing motion and memorandum contain 1,152 words, excluding the items listed in Local Rule 7.1(F).

*/s/ Brian C. Lea*
Brian C. Lea

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, the foregoing document was filed through the Court's ECF system and a copy will be served on all parties according to the Federal Rules of Civil Procedure.

/s/ Brian C. Lea
Brian C. Lea