IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| COIN CENTER; PATRICK O'SULLIVAN; JOHN DOE; and DAVID HOFFMAN, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | No. 3:22-cv-20375-TKW-ZCB |
| JANET YELLEN, in her Official Capacity as Secretary of the Treasury; DEPARTMENT OF THE TREASURY; ANDREW M. GACKI, in her Official Capacity as Director of the Office of Foreign Assets Control; and OFFICE OF FOREIGN ASSETS CONTROL, | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF ON BEHALF OF PARADIGM OPERATIONS LP IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR SUMMARY JUDGMENT</u>**

Paradigm Operations LP ("Paradigm") respectfully moves for leave to submit the attached amicus curiae brief in support of the Plaintiffs' motion for summary judgment. Paradigm is a venture investment firm focused on supporting innovation within the crypto asset, blockchain, and web3 sectors. Paradigm offers a range of services, from the technical to the operational, to help crypto companies and projects achieve their full potential. Similarly, in its role as an industry participant and steward, Paradigm actively dedicates significant resources to engaging with state and federal regulators, legislators, trade associations, and other industry participants in order to help educate, advocate for, and grow the industry. Paradigm has filed briefs as amicus curiae in several matters similarly as critical as this, including *Van Loon v. Dep't. of Treasury*, No. 6:22-cv-00920 (W.D. Tex.), *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (S.D.N.Y), *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416 (N.D. Cal.), and *SEC v. Wahi, et al*, No. 2:22-cv-01009 (W.D. Wash.). Pursuant to Local Rule 7.1(B), counsel for Paradigm asked counsel for Plaintiffs and Defendants whether they oppose this motion. Neither Plaintiffs nor Defendants oppose the filing of the proposed amicus brief, which is attached to this motion as Exhibit A.

Although the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida do not address the subject of amicus curiae briefs, federal courts have broad "discretion" to admit an amicus curiae. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991) (explaining that amicus participation is valuable because it "will alert the court to the legal contentions of concerned bystanders" (citation omitted)); *see also Fishing Rts. All., Inc. v. Pritzker*, No. 8:15-cv-1254, 2016 WL 11491618, at *3 (M.D. Fla. June 8, 2016) (similar). "Courts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the

court's understanding of the matter in question." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010).

Here, the Department of the Treasury's ("the Department") designation of the open-source software code called Tornado Cash raises important questions regarding the Department's statutory authority to sanction non-entities and non-persons and to prohibit all users from interacting with the software. Specifically, the Department's statutory authority is limited to sanctioning "property" and "persons," but Tornado Cash is an open-source software code that is not an asset, does not own any assets, and is not a person or entity.

The proposed amicus brief by Paradigm will be of aid to the Court and will offer insights not presented by or available to the parties. Paradigm possesses a deep and extensive understanding of the underlying technology, the legal issues, and the potential consequences at stake in this case. *See Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("Even when a party is very well represented, an amicus may provide important assistance to the court" by "explain[ing] the impact a potential holding might have on an industry or other group" (quotation marks and citation omitted)). Paradigm's proposed amicus brief would assist the Court in its understanding of the arguments Plaintiffs include in their motion for summary judgment and would further elaborate why Tornado Cash is not "property" or a "person." The amicus brief also explains for the Court the importance of financial privacy on a public open-source blockchain like Ethereum necessitating the use of mixing tools like Tornado Cash.

Paradigm is filing this amicus brief on June 2, which is the deadline the parties agreed on for amicus briefs in support of Plaintiffs. Doc. 43. Moreover, the amicus brief is only 15 pages and does not raise any new questions of law or fact.

For these reasons, Paradigm respectfully requests that the Court grant it leave to participate as amicus curiae and accept the attached amicus brief.

Dated: June 2, 2023

Respectfully submitted,

*/s/ Katherine C. Yarger*
Katherine C. Yarger*
katie@lkcfirm.com
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
(512) 693-8350

Rodrigo Seira**
rodrigo@paradigm.xyz
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104

*Pro Hac Vice*
*\*\* Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

*/s/ Katherine C. Yarger*
Katherine C. Yarger