UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COIN CENTER et al.,

    *Plaintiffs,*

v.

JANET YELLEN et al.,

    *Defendants.*

Civil Action No. 3:22-cv-20375-TKW-ZCB

**MOTION FOR LEAVE TO FILE AMICUS BRIEF
ON BEHALF OF ANDREESSEN HOROWITZ AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Andreessen Horowitz (known as "a16z") respectfully moves for leave to submit the attached amicus brief in support of the Plaintiffs' motion for summary judgment. This motion is supported by the accompanying amicus brief, attached as Exhibit A, and the proposed order granting the motion, attached as Exhibit B.

## INTEREST OF AMICUS CURIAE

A16z is a Silicon Valley-based venture capital firm founded in 2009. It is one of the largest venture capital firms in the world and a thought leader in the "web3" space, the newest iteration of the Internet that combines decentralization and community-based governance with the advanced functionality of the modern Internet, including blockchain technology. A16z team members have written leading commentaries on these emerging technological innovations.[1]

The other amici in this case have set forth important arguments addressing the Plaintiffs' motion for summary judgment. A16z submits this amicus brief to address significant issues not fully addressed by the other amici or the parties. As the attached amicus brief explains, a16z respectfully submits that this Court should grant Plaintiffs' motion for summary judgment because the Office of Foreign Assets Control ("OFAC") exceeded its statutory authority and violated the Administrative Procedure Act ("APA") by taking the unprecedented step of sanctioning decentralized, open-source, and ownerless software.

A16z brings a unique perspective and voice to this case. A16z possesses deep expertise in blockchain-based solutions and employs a team of engineers, investors, and former regulators with considerable experience in crypto assets and decentralized systems. A16z has invested more than $7.6 billion in portfolio companies that are building products and services in the blockchain

---

[1]   *See, e.g.*, Miles Jennings, Decentralization for Web3 Builders: Principles, Models, How (Apr. 7, 2022), https://a16zcrypto.com/content/article/web3-decentralization-models-framework-principles-how-to/.

ecosystem. For these reasons, a16z believes that its perspective on the important and unique issues presented in this litigation will aid in ensuring that the Court is fully apprised of the complexities and implications of this case.

## ARGUMENT

District courts "possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *League of Women Voters of Fla., Inc. v. Lee*, No. 4:21-cv-186, 2021 U.S. Dist. LEXIS 254506, at *12 (N.D. Fla. Dec. 6, 2021) (quoting *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). Although there is an absence of authority governing a district court's decision to grant or deny a nonparty's motion for leave to file an amicus brief, "district courts commonly refer to [Federal Rule of Appellate Procedure] 29 for guidance." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (citation omitted). An amicus brief "should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Fla. By & Through McCollum v. U.S. Dep't of Health & Human Servs.*, No. 3:10-cv-91, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Courts "should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (citation omitted); *see also League of Women Voters*, 2021 U.S. Dist. LEXIS 254506, at *12 (noting that amici have "experience and qualifications" that may allow them to "aid in th[e] Court's deliberations over th[e] case."). For these reasons, courts would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure*, 15 F.4th at 676.

A16z offers both unique information and perspective to assist this Court.  The OFAC designation of the Tornado Cash smart contracts raises important legal questions about OFAC's statutory authority to sanction free, open-source, autonomously operating computer code that is not property or an interest in property.  OFAC's designation also raises important economic considerations for companies, software developers, and users of the Ethereum blockchain, one of the most popular blockchain ecosystems in the world.

OFAC's sanctions against decentralized, open-source, and ownerless software affect all companies in the blockchain ecosystem, including a16z's portfolio companies.  Given a16z's significant experience and expertise in crypto assets, decentralized systems, and blockchain-based software solutions, a16z hopes to aid the Court by providing additional insights into the far-reaching impact of these proceedings.  A16z's amicus brief can assist the Court in better understanding both the underlying technology, and the important privacy interests that Tornado Cash promotes.  Because our "adversarial system of justice" is based on "a firm belief in the robust and fearless exchange of ideas as the best mechanism for uncovering the truth," *id.* at 674, a16z submits that the information presented in its amicus brief will assist the Court in reaching a sound decision in this matter.

For these reasons, a16z respectfully requests that the Court grant it leave to participate as amicus curiae and accept the attached amicus brief.

Dated: June 2, 2023	Respectfully submitted,

/s/ Alessio Evangelista
Alessio Evangelista (*lead attorney; admitted pro hac vice*)
Jessie K. Liu (*lead attorney; admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, D.C. 20005
Tel.: (202) 371-7270
Fax: (202) 661-9170
alessio.evangelista@skadden.com
jessie.liu@skadden.com

Counsel for Amicus Curiae Andreessen Horowitz

## RULE 7.1(C) CERTIFICATION

I hereby certify that, in accordance with Local Rule 7.1, a16z has conferred with counsel for both the Plaintiffs and the Government. Plaintiffs and the Government have consented to the filing of this motion and brief.

/s/ Alessio Evangelista
Alessio Evangelista

## RULE 7.1(F) CERTIFICATION

I hereby certify that, in accordance with Local Rule 7.1(F), this motion contains a total of 834 words and the brief contains a total of 5,579 words.

/s/ Alessio Evangelista
Alessio Evangelista

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I caused the foregoing to be filed with the Clerk of Court and served upon all counsel of record via the CM/ECF system.

/s/ Alessio Evangelista
Alessio Evangelista