# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

COIN CENTER *et al.*,

    *Plaintiffs*,

v.

JANET YELLEN *et al.*,

    *Defendants*.

No. 3:22-cv-20375

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(J), Defendants provide notice of pertinent and significant supplemental authority. On August 17, 2023, the U.S. District Court for the Western District of Texas granted summary judgment in favor of Defendants U.S. Department of the Treasury *et al.* in a parallel challenge to the Office of Foreign Assets Control's designation of Tornado Cash under the International Economic Emergency Powers Act (IEEPA) and relevant executive orders and regulations. *See* Order, *Van Loon v. Dep't of Treasury*, No. 23-cv-312 (Aug. 17, 2023), ECF No. 94 (attached). As reflected in the quotations below, the court rejected plaintiffs' challenge to OFAC's designation under both the Administrative Procedure Act (APA) and the First Amendment.

First, the court determined that "Tornado Cash is an entity that may be properly designated as a person under IEEPA" and OFAC's regulations. *Id.* at 13–16 (citing 31 C.F.R. §§ 510.305, 578.305). It found that OFAC properly "identified both the software known as Tornado Cash and an entity formed by certain individuals," and "[t]he record sufficiently supports OFAC's determination that [those individuals] have acted jointly to promote and govern Tornado Cash and to profit from these activities." *Id.* at 15.

Second, it held that Tornado Cash "has a property interest in [its] smart contracts based on OFAC's regulatory definitions" of "'property' and 'interest in property.'" *Id.* at 17. It acknowledged that "ordinary meanings should not replace terms of art that have been defined by regulation," *id.* at 16, and "OFAC's [regulatory] definition of 'interest' is expansive," *id.* at 19. The Court concluded that the "beneficial interest Tornado Cash derives from the smart contracts falls within this definition." *Id.* at 19 (citing 31 C.F.R. §§ 510.323, 578.314). In particular, "Tornado Cash receives a regular stream of revenue from the smart contracts in the form of TORN tokens transferred to the DAO for relayer-enabled transactions[.]" *Id.* at 20.

Finally, the court concluded that Plaintiffs failed to show that OFAC's designation "in any way implicates the First Amendment," which does not protect

2

a right to send money "through any particular bank or service of [plaintiffs'] choosing." *Id.* at 22.

| | |
|---|---|
| Dated: August 18, 2023 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ALEXANDER K. HAAS<br>Director<br><br>DIANE KELLEHER<br>Assistant Director<br><br>*/s/ Christine L. Coogle*<br>CHRISTINE L. COOGLE<br>Trial Attorney<br>STEPHEN M. ELLIOTT<br>Senior Trial Counsel<br>Federal Programs Branch<br>Civil Division<br>U.S. Department of Justice<br>1100 L St. NW<br>Washington, D.C. 20005<br>202-880-0282<br>christine.l.coogle@usdoj.gov<br><br>*Counsel for Defendants* |