# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

COIN CENTER; et al.,
    Plaintiffs,

v.

JANET YELLEN, et al.,
    Defendants.

Case No. 3:22-cv-20375-TKW-ZCB

## PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 7.1(J) NOTICE OF SUPPLEMENTAL AUTHORITY

Judge Pitman's opinion in *Van Loon* starts by confirming what should now be obvious: OFAC's action cannot meet the "ordinary meaning" of "interest in property," which all agree is a "legal or equitable claim to or right in property." Op.16. That observation should have ended the case because "[w]here a statute's language carries a plain meaning, the duty of an administrative agency is to follow its commands as written." *SAS Inst. v. Iancu*, 138 S.Ct. 1348, 1355 (2018); *accord Catalyst Pharms. v. Becerra*, 14 F.4th 1299 (11th Cir. 2021).

To avoid that natural conclusion, *Van Loon* commits a series of errors that are likely to be reversed by the Fifth Circuit on appeal. The top four:

- It gives an agency's regulatory definitions an "even greater degree of deference than the *Chevron* standard." Op.14. That approach disobeys modern administrative jurisprudence. *E.g.*, *Catalyst Pharms.*, 14 F.4th at 1312.

- It defers to an agency's in-litigation interpretation of regulatory language—like "contract"—unless "plainly inconsistent" with the text. Op.18. That approach

1

violates *Kisor v. Wilkie* triply. 139 S. Ct. 2400, 2414-18 (2019) (no deference for "litigation position" *or* concerning "common-law property term" *or* where text not "genuinely ambiguous").

- It accepts the government's in-litigation rewriting of facts contrary to the administrative record. *Compare* Op.19 (implying relayers aren't optional) *with* A.R.39, 57 (relayers are optional); *compare* Op.21 (transactions at issue "convey an ongoing benefit for Tornado Cash, in the form of fees transmitted to the DAO") *with* A.R.20, 59 (transactions at issue cannot convey DAO fees because that requires using unchallenged relayer-registry address).

- It says *Regan v. Wald*, 468 U.S. 222 (1984), supports its theory that IEEPA "encompass[es] interests that are not legally enforceable." Op.17. *Wald* does not remotely say that.

Even it were right, *Van Loon* would not decide this case. It did not resolve lenity, major-questions, or any arbitrary-and-capricious claims. And it denied the First Amendment claim because the plaintiff didn't "state that he has stopped donating to his preferred causes" or that "he would be unable to donate through other services." Op.22. John Doe states both plainly. Doc.36-3 ¶11.

Dated: August 21, 2023                    Respectfully submitted,

                                          *s/Cameron T. Norris*
Michael A. Sasso                          Jeffrey M. Harris*
Florida Bar No. 93814                     Cameron T. Norris*
masasso@sasso-law.com                     Jeffrey S. Hetzel*
Christian Bonta                           CONSOVOY MCCARTHY PLLC
Florida Bar No. 1010347                   1600 Wilson Boulevard, Suite 700
cbonta@sasso-law.com                      Arlington, VA 22209
SASSO & SASSO, P.A.                       Telephone: 703.243.9423
1031 West Morse Blvd, Suite 120
Winter Park, Florida 32789                J. Abraham Sutherland*
Tel.: (407) 644-7161                      106 Connally Street
                                          Black Mountain, NC 28711
                                          Telephone: 805.689.4577

                                          *pro hac vice

                                *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I e-filed this response with the Court on August 21, 2023, which emailed everyone requiring notice.

                                          */s/Cameron T. Norris*
                                          Counsel for Plaintiffs

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with Local Rule 7.1(J) because it contains 346 words, excluding the parts that may be excluded.

                                          */s/Cameron T. Norris*
                                          Counsel for Plaintiffs

3